CITY OF COLUMBUS, APPELLEE, *v.* TULLOS, APPELLANT.

[Cite as City of Columbus v. Tullos, 1 Ohio App. 2d 107.]

(No. 7569—Decided May 12, 1964.)

*Mr. John C. Young,* city attorney, and *Mr. Jack Shumate,* for appellee.

*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. James S. Monahan,* for appellant.

TROOP, J. This appeal is from the conviction of and judgment against one William L. Tullos in the Columbus Municipal Court on a charge of violating Section 2127.02, Columbus Municipal Code. Popularly speaking, defendant in the trial court was charged with running a red light.

Appellant, defendant in the trial court, presents two assignments of error. The first of them, and the only one to which we give attention, is that the trial court erred in permitting the cross-examination of the defendant, Tullos, by an attorney, present in the courtroom, who identified himself as representing the Northway Cab Company, owner of a taxicab damaged as a result of a collision with a Columbus Transit Company bus driven by the defendant.

Appellee argues that the attorney participating in this criminal procedure, by cross-examination of the defendant, acted as *amicus curiae.* 4 American Jurisprudence (2d), 109, Section 1, suggests a definition of the term "amicus curiae," as follows:

"* * * It has been said that an *amicus curiae* is one who gives information to the court on some matter of law in respect to which the court is doubtful, and also that the term ordinarily implies the friendly intervention of counsel to call the court's

attention to a legal matter which has escaped or might escape the court's consideration."

Another proposition provided by the text writers in 2 Ohio Jurisprudence (2d), 387, Section 1, is also pertinent. It is as follows:

"Appearance of an *amicus curiae* is authorized either by invitation of the court or by its grant of his application. * * *"

An examination of the record in the case before us fails to reveal an application by the attorney, or an invitation by the court, as a basis for his participation in the trial. The best that can be said is that the trial court permitted him to question, suggesting that his questioning would not be prejudicial. It is equally clear that the attorney gave no information to the court on a matter of law about which the court was doubtful, neither did he call the court's attention to a legal matter which escaped the court's attention or which might have escaped its consideration. In short, the attorney's conduct amounted to an interruption to the orderly conduct of the trial of a defendant charged with a criminal offense. That conduct bears no semblance whatever to that of an *amicus curiae*.

Examination of text materials and cases suggests that the *amicus curiae* appears most generally in civil processes and trials. The appearance of such in criminal matters is extremely rare and it seems appropriate to observe that the very rarity of the occurrence urges the gross impropriety of such an action.

The presentation of the case of the state, or of a city, against a citizen charged with an offense is peculiarly the task of a prosecuting attorney or a city prosecutor. Section 1901.34, Revised Code, is specific as to the trial of criminal cases in a Municipal Court. The language of the applicable portion is as follows:

"The city solicitor, city attorney, or director of law for each municipal corporation within the territory shall prosecute all criminal cases brought before the Municipal Court for violations of the ordinances of the municipal corporation for which he is solicitor, attorney, or director of law * * *."

In the instant case, a violation of an ordinance of the city of Columbus was the charge against the defendant. It is the duty of the city prosecutor, a member of the staff of the city

attorney, to represent the city at the trial of the defendant. There is no showing in the record that there was any intention on the part of the prosecutor of abdicating in the performance of his duty and it is clear that the statute obliges him to perform the duty whatever his personal choice, unless he delegates his responsibility "in a proper case" under authority of Section 2938.13, Revised Code.

Appellant urges that the newer Section 2938.13, Revised Code, contains a limitation upon the authority of the city prosecutor to delegate duties to some other attorney "in a proper case," in the language, as follows:

"* * * But the magistrate or judge shall not permit prosecution of any criminal case by private attorney employed or retained by a complaining witness."

The attorney, who was permitted by the trial court to cross-examine the defendant, did not represent, strictly speaking, "a complaining witness." His client, however, was definitely interested in the outcome of the proceeding as the owner of the damaged taxicab, and even though a representative of the company did not sign the affidavit charging the defendant, nor appear against him on trial, it takes but little imagination to conclude that the company was "complaining" against the damage to its property.

We can only surmise what the purpose of counsel for the taxicab company might have been. He may have been conducting a fishing expedition hoping for a discovery of facts helpful to his client in a civil action, or he may have hoped to help the city secure a conviction, for whatever help that might be in his civil cause. Whatever the motivation, his interruption of the orderly proceeding of the trial can only be regarded as extraneous and immaterial, and could well have been repetitious to the point of being prejudicial to the defendant.

It is not necessary to decide whether the offending attorney represented "a complaining witness." We hold that his conduct has no place in the trial of a criminal matter. If not more serious, it was an usurpation of the function of the city prosecutor and was manifestly irregular. The trial court was in error in permitting the interference and in allowing the irrelevant and immaterial matters to be injected into the trial.

The duty of the trial court is made clear by the terms of Section 2945.03, Revised Code, which reads as follows:

"The judge of the trial court shall control all proceedings during a criminal trial, and shall limit the introduction of evidence and the argument of counsel to relevant and material matters with a view to expeditious and effective ascertainment of the truth regarding the matters in issue."

To say the least, the unanticipated interruption by an attorney not properly concerned with the trial of a criminal matter defeats an "expeditious and effective" procedure. Whatever evidence he adduces cannot be held to be "relevant and material," since it could not possibly be a part of the prosecutor's plan for the development of the case on behalf of the city. Such an intrusion cannot be justified or excused. We hold it prejudicial to the rights of the defendant incident to the direction given a trial court in Section 2945.03, Revised Code.

The judgment of the trial court is reversed and the case remanded for a new trial.

*Judgment reversed.*

DUFFY, P. J., and BRYANT, J., concur.