The court, therefore, determines the question of "the necessity for the appropriation" in favor of the defendants.

*Judgment for defendants.*

MATTHEWS ET AL. *v.* INGLESIDE HOSPITAL, INC., ET AL.

[Cite as Matthews v. Ingleside Hospital, Inc., 21 Ohio Misc. 116.]

(No. 873358—Decided October 2, 1969.)

Common Pleas Court of Cuyahoga County.

*Messrs. Arter & Hadden,* for amicus curiae.
*Messrs. Squire, Sanders & Dempsey* and *Messrs. Baker, Hostetler & Patterson,* for plaintiffs.
*Messrs. Merkel, Campbell, Dill & Zetzer,* for defendants.

FRIEDMAN, J. The Greater Cleveland Hospital Association, a nonprofit organization, has submitted to this court for its approval a brief as amicus curiae in this case. The defendants and cross-petitioners objected to the filing of said brief as amicus curiae and therefore it became necessary for this court to consider the questions and the legal issues pertaining thereto.

Upon a careful perusal of the pleadings in this particular matter, the court finds the following alleged facts in said pleadings:

Defendant, Ingleside Hospital, hereinafter referred to as Hospital, has been a voluntary, non-profit psychiatric hospital since 1935. Prior to October 24, 1968, the Hospital provided 96 beds for psychiatric patients in a newly constructed building financed in part by public subscription.

Plaintiffs claim that they are and have been contributors to, and/or accredited and licensed psychiatrists on the staff of the Hospital. The other named defendants are members of the hospital board of trustees and the administrator of said Hospital.

In plaintiffs' amended petition, it is alleged that the Hospital was closed illegally and without an authorization on October 24, 1968, following a strike by the non-medical employees of said Hospital, in that said closing was without notice to, and approval of, all the trustees of said hospital, in violation of the code of regulations of the Hospital.

Plaintiffs further allege that certain members of the board of trustees and the administrator are attempting to effectuate the sale of the Hospital and the removal of assets without the approval of the majority of the board of trustees. It was also alleged by the plaintiffs that the board is deadlocked and is therefore unable to manage the affairs of said Hospital in violation of the Hospital's code of regulations.

Plaintiffs further state that the Regional Hospital Planning Board is an organization that attempts to coordinate health services within the Greater Cleveland area. Its endorsement of various fund-raising activities is essen-

tial if one expects to solicit from corporate charitable contributors and private donors, and that in order to get the endorsement of the Regional Hospital Planning Board for its building and facilities the Hospital was required to execute a Statement of Understanding with the Regional Hospital Planning Board.

It is further alleged by the plaintiffs that the Hospital successfully conducted its subscription campaign after having obtained the Regional Hospital Planning Board's endorsement. However, since the date of the statement of understanding, the Hospital has failed and refused to honor its obligation under said agreement. Plaintiffs further state that the endorsement and donations given to the defendant Hospital were given under the assumption that the Hospital and its board of trustees would honor its obligations and commitments.

Defendant Hospital in its answer denied plaintiffs' allegations generally and then cross-petitioned alleging, in substance, a willful attempt by plaintiffs to prevent the defendants from effectuating the sale of said Hospital.

The defendant Hospital filed a supplemental cross-petition on September 25, 1969, in which it is stated that the aforementioned strike heretofore referred to was settled and the Hospital re-opened. The defendant Hospital further alleges that the plaintiffs have continued to attempt to prevent the sale of the Hospital and that because of a loss of reputation resulting from plaintiffs' vicious campaign, defendant Hospital is operating below par and must be sold to protect its equity or suffer irreparable loss.

In addition thereto, on page 6, paragraph 18, of the supplemental cross-petition, it is alleged by the defendant Hospital "that as part of said conspiracy and in furtherance of their said plan, plaintiffs and their associates incited and induced The Greater Cleveland Hospital Association of which this defendant is a member to employ legal counsel and without notice or consulation with this defendant-member and without verification of facts to inject itself into this proceeding as amicus curiae and unwittingly

assist plaintiffs in their conspiracy to deprive this defendant of its rights and property."

The Greater Cleveland Hospital Association states in substance, and it is undisputed, that it is an organization established "to encourage and assist hospitals and other health care institutions in providing in an efficient and effective manner health service of high quality for all people."

In the case of *Columbus* v. *Tullos* (1964), 1 Ohio App. 2d 107, the Court of Appeals for Franklin County stated in the first paragraph of the syllabus that the:

"Appearance of an amicus curiae is authorized, by invitation of the court or by its grant of his application therefor, for the purpose of giving information to the court on some matter of law in respect to which the court is doubtful or to call the court's attention to a legal matter which has escaped or might escape the court's consideration."

It has also been stated that:

"An amicus curiae is heard only for the purpose of assisting the court in a case already before it and the function of an amicus curiae is to call the court's attention to law or facts or circumstances in a matter then before it that may otherwise escape its consideration." 4 American Jurisprudence 2d, Amicus Curiae, Section 1.

Whether or not this court will accept an application to file an amicus curiae brief is entirely a matter of judicial discretion. 2 Ohio Jurisprudence 2d, Amicus Curiae, Section 1. The need of such assistance arises more often in matters in which the public interests are involved than in ordinary litigation and in cases involving questions of public interest the leave is generally granted to appear as amicus curiae. 4 American Jurisprudence 2d, Amicus Curiae, Section 1.

The amicus curiae brief of the Greater Cleveland Hospital Association states the issue it intends to confront is as follows:

"* * * is it proper for a nonprofit corporation or hos-

120

pital, affected with a public interest, which has solicited and received donations from the public to build a new facility to serve the public, to sell the facility shortly after it is built to a proprietary, profit-making organization which will operate the facility on a private basis?''

It appears to this court that the issues involved in this particular matter are of grave public concern. In addition thereto, since the defendant Hospital in its supplemental cross-petition on page 6, paragraph 18, has leveled a charge against the Greater Cleveland Hospital Association in that the said Hospital Association unwittingly assisted in a conspiracy undertaken by the plaintiffs to deprive the defendant of its rights, it would only be proper and justifiable in equity to permit said Greater Cleveland Hospital Association to file a brief as amicus curiae as to its position.

Therefore, on the basis of the aforestated, this court hereby grants the request of The Greater Cleveland Hospital Association to file its brief as amicus curiae as presented to the court. The trial court in hearing this particular matter will be able to discern the factual from the non-factual statements as contained in said brief, and will give only the proper consideration to the facts as proven and for the law as properly presented.

*Leave to file brief granted.*