THE STATE, EX REL. STERNE, APPELLANT, *v.* BOARD OF ELECTIONS OF HAMILTON COUNTY ET AL., APPELLEES.

[Cite as State, ex rel. Sterne, v. Bd. of Elections, 20 Ohio St. 2d 41.]

(No. 69-675—Decided October 29, 1969.)

*Mr. Jerome Goldman,* for appellant.
*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Arthur Ney,* for appellees.

*Per Curiam.* This is an action in mandamus which was filed in the Court of Appeals for Hamilton County.

The Court of Appeals denied the writ. The cause is before this court upon an appeal from that judgment.

The appellant seeks a writ of mandamus, directed to

the Board of Elections of Hamilton County, ordering it to have printed appellant's name, as Bobbie Sterne, on the official ballots to be submitted to the voters of the city of Cincinnati at the election to be held on November 4, 1969, for election of members of city council. In the alternative, appellant asks that the board of elections be ordered to include the name "Bobbie" as part of appellant's name appearing on the ballot.

Two members of the board of elections voted in favor of giving the appellant a hearing on the use of the name Bobbie as part of appellant's name on the ballot and two members of the board voted against granting such a hearing and the board members voted in the same manner on the question of whether appellant's name should appear as Bobbie or Lavergne L. on the ballot.

The Secretary of State decided the matter by voting against giving the relator a hearing and in favor of appellant's name appearing on the ballot as Lavergne L. Sterne.

It is agreed that the appellant was registered at birth as Lavergne Mary Lynn and registered in 1946 at the Board of Elections of Hamilton County as Lavergne L. Sterne and is so registered today. She has signed poll books as Lavergne L. Sterne. She owns real estate under the name of Lavergne L. Sterne and her driver's license is in the name of Lynn Sterne. She has never had her name changed to "Bobbie."

Appellant contends that she is known among her friends and in the city by the name of Bobbie Sterne.

Since there is no contention that the board of elections and the Secretary of State have committed a fraud or acted in bad faith, the only question for determination by this court is whether the members of the board of elections and the Secretary of State abused their discretion.

There is no statute which requires that the board of elections grant a hearing in a matter such as this.

Section 3501.11, Revised Code, sets forth the duties of boards of elections and provides in the case of a tie vote that the Secretary of State shall decide the question by casting the deciding vote, and his decision shall be final.

There is no evidence in the record in this cause which supports the contention that the board of elections and the Secretary of State abused their discretion in determining that no hearing would be granted to appellant and ordering that her name appear upon the ballot as Lavergne L. Sterne.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.