BROWN, APPELLANT AND CROSS-APPELLEE, *v.*
BEST PRODUCTS, INC. ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as Brown *v.* Best Products Co. (1985), 18 Ohio St. 3d 32.]

(No. 84-794—Decided June 26, 1985.)

34

*Edmund M. Sawan,* for appellant and cross-appellee.

*Ulmer, Berne, Laronge, Glickman & Curtis* and *Bruce P. Mandel,* for appellees and cross-appellants.

CLIFFORD F. BROWN, J. On appeal plaintiff-appellant asserts that the court of appeals erred in reversing the general verdict returned in favor of the plaintiff by the jury. The appellate court found that the trial court erred in allowing comment in opening and closing statements concerning the release allegedly executed between plaintiff and defendants, which ended her criminal prosecution. For reasons discussed herein we affirm the judgment of the court of appeals.[1]

Paragraph one of the syllabus in *Insurance Co.* v. *Hull* (1894), 51 Ohio St. 270, states that "[a] contract, the consideration of which, in whole or in part, is the suppression of a criminal prosecution, is without any legal efficacy, either as a cause of action or as a defense to an action not founded on or arising out of the agreement." The public policy rationale which supported the *Hull* decision is as valid today as it was in 1894. One reason releases executed between private parties which offer as consideration the suppression of criminal prosecution are void is that courts have recognized that duress is inherent in the execution of such releases. The threat of criminal sanctions places the party releasing in a state of apprehension which interferes with his legal capacity to enter into an agreement whereby he agrees not to pursue legitimate civil remedies in return for the suppression of a criminal prosecution against him. Therefore, courts have

---

[1] The validity of the release and the directed verdict granted in favor of defendant Lou Gregorcic are before the court on a cross-appeal by the defendants. The plaintiff filed a motion to dismiss the cross-appeal asserting that the defendants had failed to file a notice of appeal and a memorandum in support of their cross-appeal before this court. However, the court denies that motion and accepts jurisdiction over the cross-appeal finding that the interests involved in the cross-appeal are a part of the decision of this case. There can be no prejudice in the instant case if the defendants' cross-appeal is maintained because the plaintiff had notice of the cross-appeal on April 20, 1984. The issues of the validity of the release executed and the court of appeals' reversal of the directed verdict in favor of defendant Lou Gregorcic are not a surprise to the plaintiff. Therefore, the court has decided to reach all of the issues involved in this case and denies plaintiff's motion to dismiss the cross-appeal.

established a rule that releases such as the one which the defendants seek to enforce are void as against public policy.

There is another compelling reason why these releases are void. A release executed between private parties, the consideration of which, in whole or in part is the suppression of a criminal prosecution, is void because of a lack of consideration. The decision to pursue or drop criminal charges is vested in the state. In the case *sub judice* it was the county prosecutor who requested the court to dismiss the case against the plaintiff. The defendants had no authority to pursue or to discontinue the criminal charges against the plaintiff. Therefore, the release executed between plaintiff and defendants is void for a lack of consideration.[2]

Defendants assert in their cross-appeal that other jurisdictions, most notably California in *Hoines* v. *Barney's Club, Inc.* (1980), 28 Cal. 3d 603, 170 Cal. Rptr. 42, 620 P. 2d 628, have recognized the validity of releases between parties in return for the dropping of criminal charges. However, an examination of these other cases reveals that the releases which were enforced by the courts were executed between a private party and a public authority. In such cases the reasons for the release may be very different than in the case of a release between private parties. See Annotation (1983), 26 A.L.R. 4th 245.

Defendant and cross-appellant Gregorcic appeals to this court the judgment of the court of appeals which reinstated him as a party defendant. Gregorcic is the security coordinator for Best Products. At the close of plaintiff's case a defense motion for a directed verdict was granted as to the defendant Gregorcic. A review of the transcript reveals that Gregorcic was actually involved in the investigation of the case and the interrogation of the plaintiff on behalf of Best Products. Before a motion for a directed verdict may be granted, the evidence must be such that reasonable minds could come to but one conclusion. Construing the evidence most favorably for the plaintiff herein, the trial court erred in dismissing Gregorcic. Reasonable minds could not reach the conclusion that Gregorcic was in no way involved in any of the actions taken by the defendant Best Products which may be the basis of liability. Therefore, Gregorcic must remain as a party defendant in the present action.

The admission of a polygraph test by the plaintiff was denied by the trial court. Absent an agreement between the parties polygraph tests are not a generally accepted method of proof. See *State* v. *Souel* (1978), 53 Ohio St. 2d 123 [7 O.O.3d 207], and *Aengst* v. *Bd. of Medical Quality Assurance* (1980), 110 Cal. App. 3d 275, 167 Cal. Rptr. 796. Plaintiff submits that the test should have been allowed into evidence as proof of malice on the part of the defendants in pursuing the criminal action. Evid. R. 403 requires a trial judge to decide if evidence has a greater prejudicial

---

[2] See *Wilson* v. *United States Lines* (1971), 15 N.J. Super. 175, 275 A. 2d 457; *Lyons* v. *Davy-Pocahontas Coal Co.* (1915), 75 W. Va. 739, 84 S.E. 744; *Kabnick* v. *O'Malley* (1977), 58 App. Div. 2d 804, 396 N.Y. Supp. 2d 253.

impact than a probative value. In such cases evidence should be excluded. In the present case it is inadmissible because the prejudicial impact it would have on the jury far outweighs any value it would have as probative evidence. The lower courts properly concluded that evidence of a polygraph test was inadmissible.

Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY and LOCHER, JJ., concur.

HOLMES, DOUGLAS and WRIGHT, JJ., dissent.

CELEBREZZE, C.J., concurring. I agree fully with today's judgment and the majority's excellent analysis of the legal and policy considerations attendant to private releases from prosecution. However, I would grant plaintiff's motion to dismiss defendants' cross-appeal which raises the issue of the release's validity. In my opinion the defendants, without excuse, failed to perfect their appeal by not filing a notice of cross-appeal and memorandum in support of jurisdiction with this court as required by Section 1, Rule I, and Section 4, Rule II, of the Rules of Practice of the Supreme Court of Ohio.

Section 1, Rule II of the Rules of Practice of the Supreme Court states the effect of failure to comply with the required filing of a notice of appeal in the Supreme Court as follows:

"If a copy of the notice of appeal is not filed or offered for filing in the Supreme Court in compliance with Sections 1, 2, 3, 4, 5, 6 and 7 of Rule I, the Supreme Court may refuse to accept such copy for filing or may dismiss the appeal, either on its own motion or on motion of a party, for lack of prosecution."

Failure to comply with these rules was the basis for dismissal in *Bazell* v. *Cincinnati* (1968), 13 Ohio St. 2d 63 [42 O.O.2d 137], which held at paragraph five of the syllabus:

"Where a notice of appeal from a judgment of the Court of Appeals is duly filed in the Court of Appeals but no copy of such notice is filed in the Supreme Court within 20 days [now 30 days] after such filing in the Court of Appeals as required by Section 1(A), Rule I, of the Supreme Court, such appeal will be dismissed pursuant to Section 1 of Rule II."

Although I fully agree that this court should exercise its discretion to allow certain appeals which are not in strict conformity with our rules when the interest of justice so demands, in this case I believe the defendants have not offered a compelling reason for their failure to perfect the appeal as required.

HÖLMES, J., dissenting. The rationale behind *Insurance Co.* v. *Hull* (1894), 51 Ohio St. 270, was that this court felt a release signed in consideration for not pursuing criminal charges was inherently executed under duress. While remaining aware of the potential for duress in such situations, I am not convinced that every release executed in return for suppression of a criminal prosecution is executed under duress. The question of duress should not be set forth in an established *per se* rule but is better left to a case-by-case determination by the trier of fact as in all other cases which involve a release of liability. See *Beck* v. *Cianchetti* (1982), 1 Ohio St. 3d 231; and *Pakulski* v. *Garber* (1983), 6 Ohio St. 3d 252. I would therefore overrule *Insurance Co.* v. *Hull, supra.*

The California Supreme Court has recently upheld a release agreement whereby a criminal charge against the plaintiff was dismissed in exchange for his releasing a county authority from civil liability. *Hoines* v. *Barney's Club, Inc.* (1980), 28 Cal. 3d 603, 170 Cal. Rptr. 42, 620 P. 2d 628. The reasoning of the California Supreme Court is persuasive and reads in part at 612-613:

"In examining public policy considerations bearing on the release-dismissal transaction in the instant case, we are influenced and guided by policy considerations bearing on plea bargaining transactions. While there are clear differences between the two transactions, in a broad sense they serve the same purpose and are affected by the same public policy. In each transaction an accused is confronted with a criminal charge, circumstances exist which — in the state's view — do not require seeking imposition of the full penalty of the law, the accused does not wish to assert his innocence of wrongdoing so as to hazard a more severe penalty should he not prevail at trial, and the state's interests would not be served by a time consuming trial.

"The net effect of both a release-dismissal and a plea bargaining transaction is to relieve the state of prosecuting while imposing upon the accused some lesser disability than he might otherwise anticipate. In a plea bargaining transaction the accused is subjected to a known but lesser criminal sanction which he has elected to accept under the circumstances. In the release-dismissal transaction the accused escapes criminal sanctions altogether but is subjected to a civil disability which he has elected to accept under the circumstances. In neither case is there any compulsion preventing the accused from standing his ground and asserting his right to be free from all disabilities, both criminal and civil.

"There is one obvious but not fundamental difference between the two transactions. Because a release-dismissal transaction normally concerns itself with lesser acts of criminal conduct, the state may reasonably elect to forego the imposition of any criminal proceedings or sanctions. However, in doing so it must protect those who — because the charges are to be dismissed — might be improperly exposed to claims of civil liabilities due to their involvement in apprehending the accused. In requiring a

release from the accused — but only by his free and voluntary election — the state accomplishes both the imposition of the bargained-for disability and protection of those it reasonably deems to be innocently involved."

The trial court in the present case must allow evidence on the release, its execution, its scope, etc. If in fact the release is found to be valid, then its terms should be imposed on the plaintiff per her agreement with the defendants.

Accordingly, I dissent.

DOUGLAS and WRIGHT, JJ., concur in the foregoing dissenting opinion.