VILLAGE OF MANTUA ex rel. WEBB, Appellant, et al.,

v.

CLAVNER et al., Appellees.

[Cite as *Mantua ex rel. Webb v. Clavner* (1993), 88 Ohio App.3d 492.]

Court of Appeals of Ohio,
Portage County.

No. 91–P–2399.

Decided July 1, 1993.

*Jack Webb, pro. se.*

*Timothy T. Reid, Louis Myers, David W. Norris,* Portage County Prosecuting Attorney, and *Kent M. Graham,* Assistant Prosecuting Attorney, for appellees.

FORD, Presiding Judge.

Complainant-appellant, Jack Webb, filed a complaint, *ex relatione,* pursuant to R.C. 733.72, requesting that certain officials of the village of Mantua, including the mayor, clerk-treasurer, village administrator and members of council, be removed from office for alleged malfeasance or misfeasance.

Specifically, complainant-appellant alleged that the village officials were guilty of malfeasance or misfeasance for (1) failing to competitively bid health insurance coverage for themselves and village employees for the years 1988–1991; (2) authorizing in-term pay raises for the mayor, clerk-treasurer, and village administrator; and (3) interfering with the development of certain property located in the village in which appellant has an interest.

Pursuant to R.C. 733.73, the court appointed the Portage County Prosecuting Attorney to represent complainant-appellant, after the village solicitor asked to withdraw due to a legal conflict of interest with complainant-appellant. Complainant-appellant sought the appointment of a special prosecutor to represent his interest because assistant prosecutor, Kent M. Graham, sought a dismissal of the complaint. The probate court denied the motion for the appointment of a special prosecutor, stating that the Revised Code does not provide for such appointment and the facts do not warrant it.

The assistant prosecutor appeared on behalf of the village of Mantua and not the complainant-appellant, who then elected to represent himself *pro se.*

Based on the exhibits and briefs submitted by the parties, the court found, as a matter of law, that the actions of the village officials did not constitute malfeasance or misfeasance requiring the removal of such officials. Accordingly, the

court granted the motions to dismiss filed on behalf of the village and village officials on all counts against all defendants-appellees.

Complainant-appellant has filed a timely appeal raising the following assignments of error:

"1. The trial court erred to the prejudice of the plaintiff-appellant in considering the Village of Mantua's motion to dismiss the complaint.

"2. The trial court erred to the prejudice of the plaintiff-appellant in deciding facts to be tried by a jury when a jury trial had been demanded.

"3. The trial court erred to the prejudice of the plaintiff-appellant in applying R.C. 735.051 to 731.141 for the purchase of insurance.

"4. The trial court erred to the prejudice of the plaintiff-appellant in holding that R.C. 731.13 does not apply in the Eleventh District.

"5. The trial court erred to the prejudice of the plaintiff-appellant in considering defendant's motion to dismiss and in the alternative for a summary judgment.

"6. The trial court erred to the prejudice of the plaintiff-appellant in considering another ongoing action of the plaintiff."

Prior to considering the merits of appellant's assignments of error, we must first consider whether appellant has any standing to bring this appeal.

R.C. 733.72 provides the means in which any elector may file a complaint to remove an elected official from office for misfeasance or malfeasance. R.C. 733.73 states that the village solicitor, city law director or the prosecuting attorney shall appear on behalf of the complainant.

The statutory sections in R.C. Chapter 733 do not provide for private individuals' participation in the proceedings. See *In re Pickering* (1970), 25 Ohio App.2d 58, 61–62, 54 O.O.2d 85, 86–87, 266 N.E.2d 248, 251–252.

Statutes that authorize the removal of an elected official are *quasi*-penal in character. *In re Pickering* at 62, 54 O.O.2d at 87, 266 N.E.2d at 252, citing *McMillen v. Diehl* (1934), 128 Ohio St. 212, 214, 190 N.E. 567, 568; see, also, *State ex rel. Stokes v. Cuyahoga Cty. Probate Court* (1970), 22 Ohio St.2d 120, 124, 51 O.O.2d 180, 183, 258 N.E.2d 594, 596; *State ex rel. Sterne v. Hamilton Cty. Bd. of Elections* (1969), 20 Ohio St.2d 41, 49 O.O.2d 241, 252 N.E.2d 641. The penalty is the removal of the elected official pursuant to R.C. 733.76. As such, it is a public right, not a private right being vindicated.

As in a criminal case, only the state can prosecute cases brought under R.C. 733.72. A complainant in a criminal case has no standing to file an appeal from the dismissal or other disposition of charges by a prosecuting attorney. *Columbus v. Tullos* (1964), 1 Ohio App.2d 107, 110, 30 O.O.2d 121, 122, 204

N.E.2d 67, 68. The decision to pursue or move for the dismissal of criminal charges is vested in the state, not with a private citizen. *Brown v. Best Products Co.* (1985), 18 Ohio St.3d 32, 35, 18 OBR 69, 72, 479 N.E.2d 852, 855. Prosecuting attorneys have discretion as to what cases they will prosecute. *State ex rel. Tipton v. Schisler* (Sept. 25, 1991), Scioto App. No. 90CA1926, unreported, 1991 WL 192733; *Pierce v. Court of Common Pleas* (Apr. 16, 1992), Cuyahoga App. No. 62734, unreported, at 6, 1992 WL 80041. Thus, a criminal complainant is without standing to appeal the state's successful request for a dismissal of a criminal case.

In this context, we note with interest that other specific statutes in the Revised Code involving the subject of the removal of public officials do not provide for the express legal representation by another public entity or official, vis-a-vis, prosecuting attorney, law director, solicitor: for example, R.C. 3.08 (removal of public officials generally); and R.C. 315.06 (removal of county engineer).

■ Additionally, ethical considerations for members of the bar are relevant here. Attorneys, whether acting in the private or public sector, are constrained by ethical considerations from maintaining frivolous or extremely dubious actions: EC 7–13 provides: "The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely convict." Further, EC 7–14 provides:

"A government lawyer who has discretionary power relative to litigation should refrain from instituting or continuing litigation that is obviously unfair. * * * A government lawyer in a civil action or administrative proceeding has the responsibility to seek justice and to develop a full and fair record, and he should not use his position or the economic power of the government to harass parties or to bring about unjust settlements or results."

Appellees submit that the pleadings and the underlying factors here presented these types of concerns.

■ Thus, in our view, the decision not to persist in an action under a complaint brought under R.C. 733.72 is vested in the prosecuting body, not appellant. In the present case, appellee, village of Mantua, filed a motion to dismiss pursuant to Civ.R. 41, asking the trial court to dismiss this action on the merits. The other appellees, the elected officials, followed suit and filed a motion to dismiss or in the alternative motion for summary judgment.

Our review of the trial court's October 15, 1991 judgment entry indicates that the trial court exercised its jurisdiction pursuant to Civ.R. 41(A)(2) and dismissed this case. Therefore, appellant is without standing to appeal the state's dismissal pursuant to the appellees' motions.

Since appellant is without standing to pursue this appeal, we decline to review the merits of the alleged assignments of error, including appellant's fifth assignment of error as to whether the trial court improperly granted the dismissal request under Civ.R. 41 while engaging in a summary judgment exercise. Further, we also will not address the subject of alternate remedies available to a citizen under such circumstances.

The judgment of the trial court is affirmed for the reasons set forth in this opinion.

*Judgment affirmed.*

CHRISTLEY, J., concurs.

MAHONEY, J., dissents.

JOSEPH E.. MAHONEY, Judge, dissenting.

I respectfully dissent from the majority's finding that appellant lacks standing to bring this appeal.

I agree with the appellant's contention that he is the complainant-appellant and that the assistant prosecutor is the statutory representative of the complainant who is supposed to represent him pursuant to R.C. 733.73, which provides:

"On the day fixed by the probate judge for the return of the citation issued pursuant to 733.72 of the Revised Code, *the village solicitor or city director of law shall appear on behalf of the complainant to conduct the prosecution,* and the accused may also appear by counsel. A time shall be set for hearing the case, which shall not be more than ten days after such return. If a jury is demanded by either party, the probate judge shall direct the summoning of twelve men [jurors] in the manner provided by sections 2313.19 to 2313.26 of the Revised Code. In a municipal corporation having no village solicitor or city director of law, or in case the village solicitor or city director of law is accused of any misfeasance or malfeasance in his office, *the prosecuting attorney shall appear on behalf of the complainant to conduct the prosecution.*" (Emphasis added.)

The majority opinion and both appellees contend that complainant-appellant does not have standing to bring this appeal and is not a party to this action. Based on the clear language of R.C. 733.73, I cannot agree.

The instant action was filed pursuant to R.C. 733.72 by the complainant-appellant *ex relatione.* R.C. 733.72 provides: " * * * Before acting upon such complaint, the judge shall require the party complaining to furnish sufficient security for costs." "*Ex relatione*" proceedings are defined in Black's Law Dictionary as:

"Legal proceedings which are instituted by the attorney general (or other proper person) in the name and behalf of the state, but on the information and at the instigation of an individual who has a private interest in the matter, are said to be taken 'on the relation' (*ex relatione*) of such person, who is called the 'relator.' * * * "

Appellant, along with the other four electors who instituted this action, is the "relator" herein who has a private interest in the matter. Without appellant's relation of the information and his instigation, there is no case. Appellant, as the complainant, had to post sufficient security for costs below. Thus, appellant was clearly a party to this action below and has standing to bring this appeal. In *State ex rel. Stokes v. Cuyahoga Cty. Probate Court* (1969), 17 Ohio App.2d 247, 46 O.O.2d 416, 246 N.E.2d 607, the court rejected the contention that a complainant is denied the right to appeal under R.C. 733.72 *et seq.* At 17 Ohio App.2d 261, 46 O.O.2d at 424, 246 N.E.2d at 617, the court construed R.C. 733.77, entitled "Payment of costs," and concluded: " * * * However, the mere mention of the possibility that the officer might appeal *cannot be said to forbid an appeal by the complaining party.*" (Emphasis added.) The complaining party herein is appellant.

Although the trial court appointed the prosecuting attorney to represent complainant-appellant pursuant to R.C. 733.73, the prosecuting attorney obviously considered himself as counsel for the village of Mantua and not the complainant. Thus, complainant-appellant was not provided with the statutory representation intended by R.C. 733.73 and had to appear *pro se.*

Thus, I conclude appellant has standing to bring the action and this appeal.

Based on the exhibits and briefs submitted by the parties, the court found, as a matter of law, that the actions of the village officials did not constitute malfeasance or misfeasance requiring the removal of such officials. Accordingly, the court granted the motions to dismiss filed on behalf of the village and village officials on all counts against all defendants-appellees.

The motion to dismiss filed by the village was made pursuant to Civ.R. 41, wherein the prosecutor, on behalf of the village, alleged that there was no factual basis upon which the claims contained in the complaint could be sustained. The village officials filed a motion to dismiss or, in the alternative, for summary judgment, wherein they alleged that the complaint failed to state a claim upon which relief could be granted or, in the alternative, that the defendant officials were entitled to judgment as a matter of law because there was no genuine issue of fact in dispute.

It appears from the trial court's judgment that the court granted the motions to dismiss but actually engaged in a summary judgment exercise.

In construing a motion to dismiss for failure to state a claim, the court must presume that all factual allegations of the complaint are true and must make all reasonable inferences in favor of the plaintiff. Civ.R. 12(B)(6); *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755. In other words, in order for the court to dismiss the complaint for failure to state a claim, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

Applying the foregoing rule of law to the instant case, it must be presumed that all factual allegations are true and all reasonable inferences must be made in favor of the complainant-appellant. Assuming the truth of the allegations, it does not appear beyond doubt that complainant-appellant can prove no set of facts entitling him to the recovery sought, *i.e.*, removal of the village officials. Therefore, dismissal of the complaint was improper.

Furthermore, the trial court engaged in a summary judgment exercise without giving the parties the notice required by Civ.R. 12(B)(6). The court may convert a motion to dismiss for failure to state a claim into a motion for summary judgment. However, the court must notify all parties of the conversion and allow at least fourteen days from such notification for the parties to present any materials they deem pertinent pursuant to Civ.R. 56. See *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285.

Based on the following facts, that complainant-appellant has standing and is a proper party who did not receive the statutory representation to which he was entitled, that the dismissal was improper, and that the conversion of the motions to dismiss into a summary judgment exercise without giving the required notice of the conversion was improper, I would reverse the trial court's judgment and remand the matter for further proceedings.