OPINION
Myrna Toohill appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which granted her husband's petition for a domestic violence civil protection order.
Edward and Myrna Toohill were married in 1990. In 1999, they lived at Wright Patterson Air Force Base with their eight-year-old daughter, Jenifer, and Mr. Toohill's two teenaged children from a previous marriage. On November 3, 1999, Mr. Toohill filed a petition for a domestic violence civil protection order pursuant to R.C. 3113.31 in which he alleged that Mrs. Toohill had engaged in the following acts of domestic violence:
 Kicking, pushing, slapping, pinching, restraining. Forcing me to have sex against my will, takes all my money, isolation, calls me names, fakes illness to gain attention, threats of violence, or action to gain control in my work. Keeps me up all night, accusations of infidelity, searching my personal belongings, breaking things, selling my property.
The trial court conducted a hearing on the petition on November 29, 1999. At the hearing, Mr. Toohill testified to incidents like those described in the petition, especially occasions on which Mrs. Toohill had kept him up at night by kicking and pinching him and insisting that they have sex. Mr. Toohill admitted that some of the other acts alleged in the petition had occurred years earlier. Mr. Toohill further testified that Mrs. Toohill behaved erratically and that her behavior upset the children. He also stated that, in September 1999, Mrs. Toohill had threatened him with a knife, telling him that he "would wake up with a knife in [his] chest" if he ever tried to leave her. Mrs. Toohill emphatically denied that she had threatened Mr. Toohill with a knife or had hit or kicked him.
At the end of the hearing, the trial judge stated that he found the alleged incident with the knife to be crucial to his determination and asked Mrs. Toohill if she would be willing to take a polygraph test with respect to that incident. She agreed. The judge made the following statements about the evidence regarding the incident with the knife:
 * * * Right now I have Mr. saying yes. Mrs. saying no. In the middle I have a man [Mr. Toohill] who's saying he's concerned about his own personal safety and the three children. * * *
* * *
 * * * [To Mrs. Toohill] You're saying you don't have the knife. He's saying you did. I'm going to air [sic] on the side of safety. I don't know. One we say yes; one we say no. I wasn't there. Only two people know, the person who did or did not do it and the good man above and he can't be called to testify. So, I'm going to air [sic] on the side of safety and we'll have the bailiff contact [the polygrapher].
At the end of the hearing, the judge granted the protective order and stated that he would dissolve the order if Mrs. Toohill passed a polygraph test which addressed the issue of whether she had threatened Mr. Toohill with a knife. This decision was journalized on December 1, 1999, and Mrs. Toohill filed a notice of appeal on December 30, 1999. The trial court's order was a final appealable order pursuant to R.C.3113.31(G).
(On February 24, 2000, Mrs. Toohill filed a motion for reconsideration of the trial court's judgment based on the favorable results of a polygraph examination conducted on February 7, 2000. This examination had been conducted by a polygrapher of Mrs. Toohill's own choosing, rather than the one designated by the trial court. Mr. Toohill opposed the motion for reconsideration on the basis that the case was before the court of appeals. It appears from the record before us that the trial court has taken no action on the motion for reconsideration, and we have not remanded this matter to the trial court for it to act on the motion).
Mrs. Toohill raises one assignment of error on appeal.
 THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Mrs. Toohill claims that the trial court's order was against the manifest weight of the evidence.
A petition for a domestic violence civil protection order shall be granted if a person places a family or household member in fear of imminent serious physical harm by the threat of force. R.C.3113.31(A)(1)(b). The petitioner must show by a preponderance of the evidence that conditions exist which justify the issuance of such an order. Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus; Shutway v. Shutway (Feb. 10, 2000), Cuyahoga App. No. 76737, unreported; Siouffi v. Siouffi (Dec. 18, 1998), Montgomery App. No. 17113, unreported. Clear and convincing evidence is not required, as asserted in Mrs. Toohill's brief.
When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v.Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility.State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin, supra, at 175.
In this case, however, the trial court was unable to resolve conflicts in the evidence. Rather, when faced with two irreconcilable versions of events, the trial judge expressed his inability to determine which version was true and ordered Mrs. Toohill to submit to a polygraph test. This fact evinces Mr. Toohill's failure to prove, by a preponderance of the evidence, that he was entitled to a domestic violence civil protection order. Thus, the trial court erred in granting the domestic violence civil protection order without proof, by a preponderance of the evidence, that Mr. Toohill's version of events was true. If an unsubstantiated concern for safety were enough to justify the issuance of protective orders, there would be no need for hearings on these matters. Moreover, polygraph test results generally may not be admitted as evidence without a stipulation between the parties. Brown v. BestProducts Co. (1985), 18 Ohio St.3d 32, 35; State v. Souel (1978),53 Ohio St.2d 123, 132-133.
For the foregoing reasons, the assignment of error is sustained.
The judgment of the trial court will be reversed.
 __________________________ WOLFF, J.
FAIN, J. and YOUNG, J., concur.