BROWNE, APPELLANT, *v.* VILLAGE OF RIPLEY, APPELLEE.

(Decided December 30, 1940.)

*Messrs. Donithen & Michel* and *Mr. O. E. Young,* for appellant.
*Messrs. Stephenson & Wilson,* for appellee.

GILLEN, J.   This is an action based upon a contract for personal services entered into by and between the plaintiff and defendant.   The petition alleges that on the 11th day of March 1937, the Council of the village of Ripley passed a resolution authorizing the Board of Trustees of Public Affairs of the village to employ a competent consulting engineer to render certain services and to compensate said engineer from the utility fund; that the defendant, a municipal corporation, on the 15th day of September 1938, through its Board of Trustees of Public Affairs, under and by virtue of the provisions of Section 3982-2, General Code, employed the plaintiff as consulting engineer to perform certain engineering services specified in the

petition; that the plaintiff was then a duly licensed and competent consulting engineer; that in pursuance of such employment, he performed the required services until the 11th day of October 1938, when the defendant abandoned the construction of the improvement and notified plaintiff that they had abandoned it, and that according to the schedule of fees there is due plaintiff the sum of $2,673, with interest from October 11, 1938. The trial court overruled a general demurrer to the petition, after which defendant filed an answer setting forth a number of defenses. Plaintiff demurred to the answer and in passing upon this demurrer the trial court found that it searched the record and held that the petition was defective. From this judgment an appeal on questions of law has been perfected.

The trial court held that the power of a village council to enter into a contract is limited by the provisions of Section 4241, General Code; that any contract entered into pursuant to the provisions of that section must go into effect during the term of all the members of council, and that to insure its validity the services must be begun within one year after the contract date, pursuant to the provisions of Section 3982-2, General Code. The court further held that the council could not delegate the power or authority to the Board of Trustees of Public Affairs to enter into a contract unless it went into full operation during the term of all members of council. In construing the provisions of Section 4211, General Code, the court took judicial notice of the fact that an election of all municipal officers was held in November 1937, and that a complete change of council and trustees of public affairs took place January 1, 1938.

Section 4241, General Code, reads:

"The council shall not enter into any contract which is not to go into full operation during the term for which all the members of such council are elected."

There can be no doubt that the contract under consideration did not go into effect during the term for which all members of the council were elected since the resolution was adopted on the 11th day of March 1937, and the date of the contract was September 15, 1938. The trial court had the right to take judicial notice of the general election held in the month of November 1937, at which time members of the village council were elected and whose terms began in January 1938. Section 3525, General Code, provides in part as follows:

"* * * When a municipal corporation is organized by the election of its officers, notice of its existence shall be taken in all judicial proceedings."

It is said in 17 Ohio Jurisprudence, 55, Section 31, that:

"State courts, being bound to take judicial notice of the general laws of the state, must, of course, take judicial notice of the election laws, of the officers to be voted for at each general election, and, it seems, of special elections called by the executives."

Section 4241, General Code, fixes the time within which contracts shall go into full operation but does not provide a limitation upon the duration of such contracts. It is, therefore, apparent that the case of *Logan Natural Gas & Fuel Co.* v. *City of Chillicothe,* 65 Ohio St., 186, 62 N. E., 122, is not applicable to the situation here presented. It was incumbent upon plaintiff to allege in his petition facts showing that the contract did go into full operation during the term for which the members of council were elected since that issue is jurisdictional and must be proven. Counsel for plaintiff contend that the resolution adopted by council granted full authority for the execution of the contract and that the power of council over the matter ended with that enactment.

Section 4211, General Code, provides:

"The powers of council shall be legislative only, and it shall perform no administrative duties whatever and

it shall neither appoint nor confirm any officer or employee in the city government except those of its own body, except as is otherwise provided in this title. All contracts requiring the authority of council for their execution shall be entered into and conducted to performance by the board or officers having charge of the matters to which they relate, and after authority to make such contracts has been given and the necessary appropriation made, council shall take no further action thereon.''

The contract under consideration was entered into pursuant to the provisions of Section 3982-2, General Code, which provides in part as follows:

''The legislative authorities of municipalities shall be and they are hereby authorized to make surveys of waterworks, sewerage systems or other public works or improvements which they are by law authorized to construct, operate, maintain or repair, the construction, improvement, enlargement or repair of which is contemplated and whether governmental or proprietary, and they shall be authorized to proceed in the manner provided in this act.

''It shall be the duty of the legislative authority of such political subdivisions desiring to make such a survey to adopt a resolution declaring the purpose and necessity therefor. In making such surveys, such legislative authorities shall be authorized to call upon engineering officers or employees regularly employed by such political subdivisions, whether elected or appointed, or they may authorize or enter into, as the case may be, contracts for the services of registered professional engineers to make such surveys.''

It is apparent that under the provisions of this statute the council could either authorize or directly enter into a contract for the services of an engineer and it is equally clear that the Legislature intended to vest in council plenary power to regulate and control

the matter. Since the power and authority of a village council is derived entirely from legislative enactment it becomes necessary to consider the provisions of Sections 4241, 3982-2 and 4211, General Code, together in order to give full force and effect to the legislative intent. The limitation provided in Section 4241, General Code, is based upon a sound public policy designed to prevent the members of one council from tying the hands of a succeeding council. Obviously the council could not directly enter into a contract which would not go into effect during the term of the members of such council, and that being true it could not indirectly defeat this limitation by granting authority to some other officer or board to enter into such contract. The provisions of Section 3982-2, General Code, do not modify or change in any manner the requirement provided in Section 4241, General Code.

The trial court properly sustained the demurrer and the judgment will therefore be affirmed.

*Judgment affirmed.*

BLOSSER, P. J., and McCURDY, J., concur.