THE STATE, EX REL. STOKES, MAYOR, APPELLANT, *v.* PROBATE
COURT OF CUYAHOGA COUNTY ET AL., APPELLEES.

[Cite as State, ex rel. Stokes, v. Probate Court (1970),
22 Ohio St. 2d 120.]

(No. 69-310—Decided May 6, 1970.)

*Messrs. Squire, Sanders & Dempsey, Mr. Daniel J. O'Loughlin* and *Mr. Clarence L. James,* director of law, for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Dennis J. McGuire,* for appellees.

Cole, J. The primary problem presented here concerns the impact of the termination of a public officer's term of office upon an action for the removal of such officer under the provisions of R. C. 733.72. Obviously, if the officer is not reelected he is no longer an officer and the question of his removal is moot. But if, the term ending, he is reelected to a new term, the question arises as to whether he may be removed from the new term for conduct occurring during his prior term.

It will be noted, first, that R. C. 733.72 *et seq.* deal with municipal officers only and with differing types of charges. The original complaint in the Probate Court charged only misfeasance or malfeasance in office, and hence is governed by subsection (C) of R. C. 733.72, which **reads as follows:**

"That a member of the legislative authority or an officer of the municipal corporation has been guilty of misfeasance or malfeasance in office."

Thus, the specific question is whether "misfeasance or malfeasance in office" refers to conduct during the existing term or refers more broadly to conduct during the existing term and also during prior terms.

In *State, ex rel. Vogt,* v. *Donahey,* 108 Ohio St. 440, 446, in considering another type of removal proceeding, it was said:

"Touching the question of misconduct of the relator during a former term, it is not the purpose of the provision of the Constitution requiring the Legislature to enact laws providing for the prompt removal from office of officers guilty of misconduct, or of the Legislature in the enactment of Section 6212-34, General Code, in pursuance thereof, or in the enactment of Section 4268, General Code, prior to the adoption of the constitutional provision, to vest in the Governor of the state, or any other tribunal, a veto power upon the right of the electors of the municipality to elect their own city officials, the right being to remove for cause, which cause must arise during the term, and subsequent to the exercise of the power to elect vested in the electors of a municipality."

G. C. 6212-34 (109 Ohio Laws 4, 9) was a provision pertaining to the authority of the Governor to "remove any official for misfeasance, nonfeasance or malfeasance" and related to the enforcement of prohibition laws.

Subsequently, in the case of *McMillen* v. *Diehl* (1934), 128 Ohio St. 212, this principle, as applied to a case involving G. C. 10-1 *et seq.* (R. C. 3.07 *et seq.*), was repeated, the court noting that misconduct may be of such nature as to continue from one term to another.

In the case of *In re Coppola* (1951), 155 Ohio St. 329, the syllabus reads as follows:

"Under Sections 3808 and 4670, General Code, a member of the council of a municipal corporation who has been interested, directly or indirectly, in the profits of a contract, job, work or service undertaken or prosecuted by the

corporation, contrary to law, is subject to being charged in a complaint authorized by Section 4670, whether the acts in violation of such section were performed by the member of council during his present term of office or a previous one.''

At first sight this would appear to modify the previous decisions, because G. C. 3808 is now R. C. 733.78, and G. C. 4670 is now 733.72, the section involved in the present case. However, a consideration of the facts involved points to a basic distinguishing element. In the *Coppola case*, the charge was against a councilman and involved an allegation that he had a direct interest in the expenditure of money on the part of a village. G. C. 3808, now R. C. 733.78, without substantial change, provided:

''No member of council * * * shall have any interest in the expenditure of money on the part of the corporation other than his fixed compensation. A violation of any provision of this section shall disqualify the party violating it from holding any office of trust or profit in the corporation * * * and if in office he shall be dismissed therefrom.''

In short, the person violating that particular prohibition was specifically disqualified from thereafter holding any office of trust in the municipality. The General Assembly made the offense specifically applicable to eligibility to hold a later term of office, and hence an offense of that nature in one term could be considered in a later term. By G. C. 4670, this specific offense (being interested in the profits of a contract) was made a ground for removal from office. Therefore, the court held that a charge of this particular nature under G. C. 4670 was proper where the acts alleged (interest in a contract) occurred in a prior term. In the present case, however, such is not the charge. Relator is charged with misfeasance or malfeasance of a noncontinuing nature in a prior term, and would clearly come within the rule first announced in the *Vogt case*.

The ultimate question appears to be essentially one of legislative intent. In the matter of pecuniary interest in municipal contracts the General Assembly has been quite specific and has explicitly made conduct in prior

terms applicable to disqualify a person from holding office in a later term. However, as stated both in the *McMillen case, supra,* and in the *Coppola case, supra,* statutes authorizing the removal of an incumbent from office are quasi-penal in character and should be strictly construed. See, also, *State, ex rel. Sterns,* v. *Board of Elections,* 20 Ohio St. 2d 41.

R. C. 733.72 applies to misfeasance or malfeasance "in office." This language is ambiguous and conceivably could apply to either present or prior terms of office. Strict construction however would require limitation of the word "office" to the single term in which the offense occurred. In the absence of clear legislative language making conduct in prior terms a ground for removal from office under this section, the misfeasance or malfeasance alleged as a ground for removal must occur during the term from which removal is sought and be subsequent to the exercise of the power to elect vested in the electors of the municipality.

Since all conduct alleged as a ground for removal occurred in a prior term of office, and relator has since been reelected to his present term by the electors of the city of Cleveland, the issue presented to the Probate Court is now moot. See *Miner* v. *Witt,* 82 Ohio St. 237. Thus, there no longer exists any reason for this court to determine, in an action in prohibition, the issue of the jurisdiction of the Probate Court herein.

*Appeal dismissed.*

O'Neill, C. J., Schneider, Herbert, Duncan and Leach, JJ., concur.*

Cole, J., of the Third Appellate District, sitting for Matthias, J.

Leach, J., of the Tenth Appellate District, sitting for Corrigan, J.

*Chief Justice Taft participated in this case which was, however, decided after his death.