PENGOV, Appellant and Cross–Appellee,

v.

WHITE, Pros. Atty., Appellee and Cross–Appellant.

[Cite as *Pengov v. White* (2001), 146 Ohio App.3d 402.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

Nos. 01CA007794 and 01CA007830.

Decided Oct. 31, 2001.

James Joseph Pengov, Jr., pro se.

*M. Robert Flanagan,* Lorain County Assistant Prosecuting Attorney, for appellee.

WHITMORE, Judge.

Appellant and cross-appellee James Joseph Pengov, Jr. has appealed from two separate judgments of the Lorain County Court of Common Pleas that dismissed his two complaints to remove from office appellee and cross-appellant Gregory A. White, the Lorain County Prosecutor ("the Prosecutor"). The Prosecutor has cross-appealed on the basis that neither this court nor the trial court has jurisdiction to conduct a removal hearing where a single exercise of prosecutorial discretion constitutes the sole basis for removal. This court affirms the judgments of the trial court and dismisses the Prosecutor's cross-appeal for lack of ripeness.

I

Pengov filed his first complaint in the Lorain County Court of Common Pleas on September 20, 1999, alleging that the Prosecutor should be removed from office pursuant to R.C. 309.05. Pengov claimed the Prosecutor should be removed for failing to prosecute twenty-two-year-old Jason Daniel Smith in connection with Smith's alleged sexual relationship with a thirteen-year-old girl. The Prosecutor moved under Civ.R. 12(C) for judgment on the pleadings. Without conducting a hearing, the trial court granted the motion and dismissed the complaint.

Pengov appealed the dismissal of his complaint to this court. This court held that the Ohio Rules of Civil Procedure do not apply to R.C. 309.05 removal proceedings, reversed the trial court's dismissal of Pengov's complaint, and remanded for a removal hearing. *White v. Pengov* (Sept. 13, 2000), Lorain App. No. 99CA007515, unreported, 2000 WL 1288302, appeal not allowed (2000), 90 Ohio St.3d 1495, 739 N.E.2d 1157 (*"Pengov I "*).

Following this court's remand, the trial court scheduled the removal hearing for October 20, 2000. Thereafter, the Prosecutor sought a discretionary appeal of this court's decision in *Pengov I* from the Ohio Supreme Court. In conjunction with his appeal of *Pengov I,* the Prosecutor was granted a stay of the removal hearing pending the Ohio Supreme Court's disposition of the appeal.

On December 20, 2000, the Ohio Supreme Court refused to hear the Prosecutor's discretionary appeal of *Pengov I.* On January 3, 2001, the Prosecutor filed a motion to dismiss Pengov's complaint in the trial court. The trial court granted the Prosecutor's motion to dismiss on the basis that the Prosecutor could not be removed from office during a term subsequent to that in which the alleged

misconduct occurred.[1]

The day after the trial court dismissed Pengov's first complaint, Pengov filed a second R.C. 309.05 removal complaint against the Prosecutor. Pengov's second complaint was nearly identical to the first, except that it specifically averred that the Prosecutor's alleged misconduct was continuing in nature. The Prosecutor moved to dismiss Pengov's second complaint, and the trial court granted the Prosecutor's motion.

Pengov has appealed both orders of the trial court dismissing his complaints. The Prosecutor has cross-appealed, arguing that a single exercise of prosecutorial discretion is not a constitutionally sound basis for removing a prosecutor from office. This court consolidated Pengov's appeals.

## II

### Pengov's Assignment of Error No. I

"The trial court lacks authority to modify, ignore, or declare moot, an appellate court mandate."

### Pengov's Assignment of Error No. II

"The trial court committed reversible error in dismissing [Pengov's] complaint as moot."

In his first and second assignments of error, Pengov has argued that the trial court erred in dismissing his first complaint as moot without holding a hearing after this court had remanded the matter for a removal hearing.

The trial court dismissed Pengov's first complaint on the basis that the Prosecutor could not be removed from office during a term subsequent to the term in which the alleged misconduct occurred. In reaching this conclusion, the trial court relied on *State ex rel. Stokes v. Cuyahoga Cty. Probate Court* (1970), 22 Ohio St.2d 120, 51 O.O.2d 180, 258 N.E.2d 594. In *Stokes,* the Ohio Supreme Court determined that statutes authorizing the removal of incumbents from office are quasi-penal in nature and should be strictly construed. *Id.* at 124, 51 O.O.2d 180, 258 N.E.2d 594. Applying this rule of strict construction, the court held that the phrase "in office" in the removal statute applicable to municipal officers limited the availability of the removal remedy to the term in which the alleged misconduct occurred:

---

1. At the time of Jason Daniel Smith's alleged sexual relationship with a thirteen-year-old girl, the Prosecutor was serving a four-year term in office that expired on December 31, 2000. In the November 2000 general election, the Prosecutor was re-elected to another four-year term that commenced on January 1, 2001, and will expire January 2, 2005.

"In the absence of clear legislative language making conduct in prior terms a ground for removal from office under [R.C. 733.72], the misfeasance or malfeasance alleged as a ground for removal must occur during the term from which removal is sought and be subsequent to the exercise of the power to elect vested in the electors * * *." (Alteration added.) *Id.*

In the instant case, the trial court determined that the Prosecutor's decision not to prosecute Smith made during his prior term in office could not form the basis of his removal during a subsequent term in office. The trial court therefore dismissed as moot Pengov's first complaint. Pengov has argued that the rationale of *Stokes* does not apply to his complaint because unlike the alleged misconduct in *Stokes,* which was noncontinuing in nature, the Prosecutor has a continuing duty to prosecute Smith that survives throughout subsequent terms in office.

█ Pengov has fundamentally misstated the duty of the office of the prosecuting attorney in arguing that the Prosecutor has a duty *to prosecute* that is continuing in nature. The duty of the prosecuting attorney is to *exercise his discretion* in determining, on a case-by-case basis, whether to prosecute particular individuals for alleged criminal offenses. "A prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. Therefore, the decision whether to prosecute is discretionary, and not generally subject to judicial review." (Citations omitted.) *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 27, 661 N.E.2d 180. With respect to federal prosecutors, the United States Supreme Court has stated:

"In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute * * * generally rests entirely in his discretion.'" (Alteration added.) *United States v. Armstrong* (1996), 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687, quoting *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604.

█ Once a prosecutor has, in the exercise of his discretion, determined that he will or will not prosecute a particular case, he has no continuing "duty" either to prosecute or to revisit his determination. Of course, the prosecutor may, in the exercise of his discretion, revisit his determination at any time until the statute of limitations expires and reverse or modify his decision. He has no *duty* to do so, however, either during his term in office in which the potentially criminal conduct occurred, or in any subsequent term in office. This is because "[t]he decision to prosecute * * * is discretionary," and therefore there is no "clear legal duty on the part of the county prosecutor to [prosecute]." *Pierce v. Cuyahoga Cty. Court of Common Pleas* (Apr. 16, 1992), Cuyahoga App. No.

62734, unreported, 1992 WL 80041 (affirming the dismissal of a petition for a writ of mandamus compelling a prosecutor to prosecute an alleged crime).

■ Accordingly, in the present case, once the Prosecutor decided, in the exercise of his discretion, not to prosecute Smith, there was no "continuing duty" incumbent on the Prosecutor with respect to that decision. Consequently, *Stokes* prohibits the removal of the Prosecutor during his 2001–2005 term in office, which is subsequent to the term in which the alleged gross misconduct occurred.

■ As the remedy provided by the removal statute was no longer available during the Prosecutor's 2001–2005 term, the trial court properly dismissed Pengov's first complaint as moot. See *Stokes,* 22 Ohio St.2d at 124, 51 O.O.2d 180, 258 N.E.2d 594 ("Since all conduct alleged as a ground for removal occurred in a prior term of office, and relator has since been reelected to his present term by the [voters], the issue presented to [the court] is now moot."). (Alterations added.) Appellant's first and second assignments of error are overruled.

### Pengov's Assignment of Error No. III

"The trial court applied an improper standard of review in dismissing [Pengov's] second complaint."

In his third assignment of error, Pengov has challenged each of the four procedural grounds upon which the trial court based its decision to dismiss Pengov's second complaint. Based on this court's determination that the Prosecutor has no "continuing duty to prosecute" Smith, however, *Stokes* compels the conclusion that the remedy of removal of the Prosecutor from office was available only during the Prosecutor's term which expired on December 31, 2000. Because Pengov filed his second complaint after December 31, 2000, as a matter of law, his second complaint was moot:

■ " '(The duty * * * of every * * * judicial tribuna[l] is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " (Alterations added.) *Miner v. Witt* (1910), 82 Ohio St. 237, 238, 92 N.E. 21, quoting *Mills v. Green* (1895), 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293.

Because Pengov's second complaint was moot, the trial court's dismissal of it was proper. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (holding that reviewing courts must affirm the trial court's judgment if, upon review, any valid grounds are found to support that judgment). Pengov's third assignment of error is overruled.

### Cross–Appellant Prosecutor White's Assignment of Error

"The exercise of prosecutorial discretion, which is not subject to judicial review, is not, as a matter of law, a constitutional basis for removing a prosecutor from office."

In his sole cross-assignment of error, the Prosecutor has argued that the judicial branch lacks the constitutional authority to review the exercise of prosecutorial discretion in a removal proceeding where a single exercise of such discretion constitutes the only alleged grounds for removal.

Pengov's complaints seeking removal of the Prosecutor from office were dismissed exclusively on procedural grounds. As the merits of Pengov's complaints were never addressed at the removal hearing prescribed by R.C. 309.05, this court finds that the Prosecutor's contention is not ripe for review. See *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 257 N.E.2d 371; *Burger Brewing Co. v. Ohio Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 97–98, 63 O.O.2d 149, 296 N.E.2d 261. Accordingly, this court must dismiss the Prosecutor's cross-appeal.

### III

Pengov's assignments of error are overruled; the Prosecutor's cross-appeal is dismissed. The judgments of the trial court are affirmed.

*Judgment affirmed.*

BAIRD, P.J., concurs.

CARR, J., dissents.

CARR, Judge, dissenting.

Unlike the case in *State ex rel. Stokes v. Cuyahoga Cty. Probate Court* (1970), 22 Ohio St.2d 120, 51 O.O.2d 180, 258 N.E.2d 594, where the office holder committed a theft at a fixed point in time, the decision to charge or not charge an individual with a crime is necessarily continuing in nature. Since the decision to charge is fluid and not fixed to a point in time like a completed criminal act, a challenge to a prosecutor's charging decision may necessarily transcend into a prosecutor's new term in office. Accordingly, I respectfully dissent.

My dissent is based solely on a threshold legal question, and makes no commentary on the merits or demerits of Pengov's substantive claim.