[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 201.]

THE STATE EX REL. RAGOZINE ET AL., APPELLANTS, *v.* SHAKER, JUDGE, APPELLEE.

[Cite as *State ex rel. Ragozine v. Shaker*, 2002-Ohio-3992.]

*Prohibition—Writ sought to prevent common pleas court judge from proceeding to trial in a removal and forfeiture of office case involving members of the Girard City School District Board of Education—Court of appeals' dismissal of complaint affirmed.*

(No. 2002-0016—Submitted June 4, 2002—Decided August 21, 2002.)

APPEAL from the Court of Appeals for Trumbull County, No. 2001-T-0122, 2001-Ohio-7062.

_____

**Per Curiam.**

{¶1} In early 1999, the Board of Education of the Girard, Ohio, City School District approved the construction of the Girard Intermediate School to replace an old school. Construction of the new school was completed in 2000, and it opened for the 2000-2001 school year. Students attending the new school subsequently experienced physical ailments, and environmental testing uncovered problems with the school's ventilation system. On May 1, 2001, the board of education closed the school.

{¶2} On September 19, 2001, 1,612 petitioners filed a complaint in the Trumbull County Court of Common Pleas requesting, under R.C. 3.07 et seq., the removal and forfeiture of office of appellants, the members of the board of education. On September 21, 2001, the board members' attorneys filed an entry of appearance on behalf of the board members in the removal proceeding. On the same date, the board members filed a motion to deny the pro hac vice admission of

the petitioners' counsel and a motion to transfer the case to a different common pleas court judge.

{¶3} On October 16, 2001, this court, upon application of the common pleas court, appointed appellee, Judge Mitchell F. Shaker, to preside as a visiting judge over the removal case. On October 18, the board members moved to dismiss the removal action, alleging that the court was divested of jurisdiction pursuant to R.C. 3.08 because the board members had not been served with a copy of the complaint at least ten days before a hearing on the merits. Moreover, the board members argued that in contravention of the time limits in R.C. 3.08, a merits hearing could not be conducted within 30 days of the filing of the complaint, i.e., October 19, 2001. On October 19, Judge Shaker held a hearing on the board members' dismissal motion and their motion to deny the application of petitioners' attorney for admission pro hac vice.

{¶4} On October 23, 2001, Judge Shaker denied the motions. Judge Shaker reasoned that given his late appointment to preside over the removal case, it would have been impossible to comply with the 30-day provision of R.C. 3.08, and that any failure to serve the board members with a copy of the complaint did not prejudice them because they had notice of the complaint within two days of its filing. Judge Shaker scheduled a trial on the removal case for November 5, 2001, and ordered service of the notice of trial as well as service of the complaint upon the board members.

{¶5} On October 30, 2001, the board members filed a complaint in the Court of Appeals for Trumbull County for a writ of prohibition to prevent Judge Shaker from proceeding to trial in the removal case. On October 31, the court of appeals issued an alternative writ staying further proceedings in the removal case and ordering Judge Shaker to file an answer or a motion to dismiss. Judge Shaker filed a Civ.R. 12(B)(6) motion to dismiss the complaint in prohibition for failure to

state a claim upon which relief could be granted. On January 2, 2002, the court of appeals granted Judge Shaker's motion and dismissed the cause.

{¶6} This cause is now before the court upon the board members' appeal as of right. The petitioners seeking removal of the board members filed an amicus curiae brief in support of Judge Shaker.

{¶7} The board members assert that the court of appeals erred in dismissing their prohibition action. The court's dismissal of the prohibition complaint for failure to state a claim upon which relief could be granted was appropriate if, after all factual allegations of the complaint were presumed true and all reasonable inferences were made in the board members' favor, it appeared beyond doubt that the board members could prove no set of facts warranting the requested extraordinary relief in prohibition. *State ex rel. Suburban Constr. Co. v. Skok* (1999), 85 Ohio St.3d 645, 646, 710 N.E.2d 710. In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction is not entitled to a writ of prohibition because of the availability of an adequate remedy at law by appeal. *State ex rel. Key v. Spicer* (2001), 91 Ohio St.3d 469, 746 N.E.2d 1119.

{¶8} Based on these standards and for the following reasons, the court of appeals properly dismissed the board members' prohibition action.

The R.C. 3.08 30-Day Provision

{¶9} Under R.C. 3.07, public officers who willfully and flagrantly exercise authority or power not authorized by law, refuse or willfully neglect to enforce the law or to perform any official duty imposed upon them by law, or are guilty of gross neglect of duty, gross immorality, drunkenness, misfeasance, malfeasance, or nonfeasance are guilty of misconduct in office and may be removed from office by a judgment of forfeiture of office.

**{¶10}** R.C. 3.08 specifies that proceedings for removal of public officers for any of the grounds enumerated in R.C. 3.07 are commenced by the filing of a complaint and further provides the following service and hearing requirements:

**{¶11}** "The judge or clerk of the court shall cause a copy of such complaint to be served upon the officer, against whom the complaint has been filed, at least ten days before the hearing upon such complaint. Such hearing shall be had within thirty days from the date of the filing of the complaint by said electors, or by the governor."

**{¶12}** The board members initially contend that Judge Shaker patently and unambiguously lacked subject-matter jurisdiction to proceed on the petitioners' complaint for removal because he failed to hold a merits hearing on the complaint within 30 days after it was filed, i.e., by October 19, 2001. The board's contention lacks merit.

**{¶13}** "As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." *State ex rel. Jones v. Farrar* (1946), 146 Ohio St. 467, 32 O.O. 542, 66 N.E.2d 531, paragraph three of the syllabus. As in other cases in which the court has held that statutory time provisions are not jurisdictional, R.C. 3.08 " 'does not include any expression of intent to restrict the jurisdiction of the court for untimeliness.' " See *State v. Bellman* (1999), 86 Ohio St.3d 208, 210, 714 N.E.2d 381 (sexual-predator-hearing time requirement), quoting *In re Davis* (1999), 84 Ohio St.3d 520, 522, 705 N.E.2d 1219 (time requirement for juvenile court disposition order); cf. R.C. 2941.401, which was cited in *Bellman* and provides that if a trial on an untried indictment, information, or criminal complaint is not brought within the required time, "no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."

{¶14} Moreover, unlike the cases cited by the board members, this case does not involve statutory requirements that manifestly strike "to the core of procedural efficiency" and are "essential to the proceeding." See, e.g., *Nibert v. Ohio Dept. of Rehab. & Corr.* (1998), 84 Ohio St.3d 100, 103, 702 N.E.2d 70 (filing of notice of appeal); see, also, *In re Removal of Osuna* (1996), 116 Ohio App.3d 339, 341, 688 N.E.2d 42 (leave to appeal).

{¶15} Furthermore, to support their position that the time requirement in the statute is jurisdictional, the board members erroneously rely on authorities holding that statutes authorizing the removal of an incumbent from public office are quasi-penal in character and should be strictly construed. See *State ex rel. Stokes v. Cuyahoga Cty. Probate Court* (1970), 22 Ohio St.2d 120, 51 O.O.2d 180, 258 N.E.2d 594, paragraph one of the syllabus; *Pengov v. White* (2001), 146 Ohio App.3d 402, 405, 766 N.E.2d 228. A statutory provision may warrant strict construction even if it is not jurisdictional. See, e.g., *Planck v. Auglaize Soil & Water Conservation Dist.* (Sept. 2, 1999), Auglaize App. No. 2-99-11, 1999 WL 693159 ("While not jurisdictional, the procedural statutes [relating to an administrative appeal] as applied to the facts of this case should be strictly construed * * *"); *Ramsey v. A.I.U. Ins. Co.* (June 18, 1985), Franklin App. No. 84AP-317, 1985 WL 10329 ("Although the procedural requirements of Section 1446, Title 28, U.S.Code, are not jurisdictional they are mandatory and are to be strictly construed against the right of removal"); *Parente v. Day* (1968), 16 Ohio App.2d 35, 40, 45 O.O.2d 104, 241 N.E.2d 280 (statutes relating to special or local assessments are strictly construed but do not necessarily constitute jurisdictional requirements).

{¶16} Finally, it is significant that the preeminent cases cited by the board members in support of their claim that the failure to conduct a trial on the removal action within 30 days after it was filed is jurisdictional, e.g., *In re Removal of*

*Tunstall* (C.P.1939), 28 Ohio Law Abs. 635, 14 O.O. 309, *Nibert*, and *Osuna*, were resolved in the ordinary course of law rather than by extraordinary writ.

**{¶17}** Therefore, Judge Shaker did not patently and unambiguously lack subject-matter jurisdiction over the removal proceeding even though a trial was not conducted within 30 days of the filing of the removal complaint.

R.C. 3.08 10-Day Service Provision

**{¶18}** The board members next assert that they are entitled to a writ of prohibition because they were not served with a copy of the removal complaint at least 10 days before the hearing on the complaint.

**{¶19}** Judge Shaker, however, ordered service of copies of the complaint on the board members on October 23, which was more than 10 days before the November 5, 2001 hearing that he scheduled.

**{¶20}** In addition, the board members waived service of process by voluntarily submitting themselves to the common pleas court's jurisdiction by filing an entry of appearance and two motions just two days after the removal action was filed. See *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156-157, 11 OBR 471, 464 N.E.2d 538 ("In order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense"); see, also, *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision* (2000), 87 Ohio St.3d 363, 366-367, 721 N.E.2d 40.

**{¶21}** Further, there is no evidence of a complete failure to comply with constitutional due process here. "If contested allegations of defective service of process are not premised upon a complete failure to comply with the minimum-contacts requirement of constitutional due process, prohibition does not lie." *Suburban Constr. Co.*, 85 Ohio St.3d at 646, 710 N.E.2d 710.

**{¶22}** Consequently, the board members' defective-service claim also does not entitle them to a writ of prohibition.

Conclusion

**{¶23}** Based on the foregoing, Judge Shaker did not patently and unambiguously lack jurisdiction over the removal case, and the board members have an adequate remedy by appeal from any adverse judgment in that case. The board members thus failed to state a viable claim for extraordinary relief in prohibition. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Armstrong, Mitchell, Damiani & Zaccagnini, Louis C. Damiani and Bruce A. Zaccagnini, for appellants.

Dennis Watkins, Trumbull County Prosecuting Attorney, James T. Saker and LuWayne Annos, Assistant Prosecuting Attorneys, for appellee.

Sebastian Rucci, pro hac vice, urging affirmance for amicus curiae, 1,612 petitioners who signed the complaint for the removal of appellants from office.

_____