OPINION
{¶ 1} Appellant, The Ohio Coalition for Affordable Prescription Drugs, brings this appeal from the decision of the Shelby County Court of Common Pleas invalidating certain part-petitions for failure to comply with R.C. 3519.01 et seq.
 {¶ 2} The appellant seeks to propose a law to the Ohio General Assembly entitled "The Ohio Prescription Drug Fair Pricing Act." This proposal seeks to enable Ohio residents to purchase prescription drugs at a discounted rate. In order to propose the legislation, appellant circulated an initiative petition pursuant to Section 1b, Article II of the Ohio Constitution.
 {¶ 3} The power of the people to propose laws by initiative granted by Article II of the Ohio Constitution is codified in R.C. 3519.01 et seq. A petition must comply with these statutory requirements to be verified. For instance, R.C. 3519.05 requires that a petition contain certain headings, type size and language as well as disclosures by the circulators of the petitions.
 {¶ 4} One such disclosure required by statute is a circulator's compensation statement that must be completed prior to circulation by the petition circulator. The compensation statement discloses the amount of compensation the circulator will receive, if any, and the name and address of the payor of the compensation.
 {¶ 5} If a petition purports to meet all the necessary requirements, it is sent to the Ohio Secretary of State to be separated by counties. Pursuant to R.C. 3519.15, the part-petitions are then sent to the respective counties board of elections to determine the sufficiency and validity of each part-petition.
 {¶ 6} Keith Brooks, an opponent of the petition, filed a protest with the Shelby County Board of Elections, appellee herein, on January 14, 2003, alleging that the part-petitions did not meet the statutory requirements. The board of elections thereby brought an action to verify the petitions which was heard by the Shelby County Court of Common Pleas.
 {¶ 7} The trial court found that several part-petitions did not comport with the statutory requirements. The court found that the circulator compensation statements were improperly filled out and did not adequately explain the amount that each circulator was paid. The court further found that the address used for the payor was invalid. Finding these defects, the trial court invalidated six part-petitions in their entirety.
 {¶ 8} It is from this decision that appellant appeals, asserting three assignments of error for our review. For clarity of analysis, we will discuss appellant's assignments of error in reverse order.
 ASSIGNMENT OF ERROR NO. III The trial court erred in failing to enter a judgment with respect tothe constitutionality of [sic] R.C. 3519.05.
 {¶ 9} We recently decided In re Protest of Brooks (2003), Allen App. Nos. 1-03-16, 9-03-19, 2003-Ohio-6348, a companion case to the case sub judice. In that case (hereinafter "Brooks I"), which was a consolidated appeal from the Allen County and Marion County Courts of Common Pleas, we addressed identical assignments of error presented for our review herein.
 {¶ 10} In Brooks I, we held that the circulator's compensation statement requirement found in R.C. 3519.05 did not violate the Ohio Constitution or the First Amendment to the United States Constitution.Brooks I at ¶ 2. We found that the requirement helped to ensure the integrity and reliability of the initiative process by informing voters and deterring circulation fraud, rather than restricting the rights of the people. Id.
 {¶ 11} We also held in Brooks I that, pursuant to R.C. 3519.05 and3519.06, a court of common pleas has jurisdiction not only to verify the signatures on a part-petition, but to verify the petition in its entirety. Id. at ¶ 28. This verification includes determining whether the circulator's compensation statement was properly completed. Id.
 {¶ 12} In the present case, as in Brooks I, appellant argues that the trial court lacked jurisdiction to invalidate the part-petitions due to an untimely filing of the action. Appellant argues that the action to verify the part-petition was not filed within the three days allowed by statute and, therefore, jurisdiction was destroyed.[1]
 {¶ 13} The protest in the case sub judice was filed on January 14, 2003. The action to verify the petition was filed on February 7, 2003. While we recognize that the verification action was filed outside the three day period, we do not find that jurisdiction was lacking.
 {¶ 14} As we explained in Brooks I, "a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." Id. at ¶ 31, citing State ex rel. Ragozine v. Shaker (2002), 96 Ohio St.3d 201.
 {¶ 15} In Brooks I, we found that the three-day period directed by R.C. 3519.16 was directory and its purpose was to prevent unjust delay that could abuse or frustrate the initiative process. Brooks I at ¶ 32. We further found that R.C. 3519.16 does not set forth any consequence for failing to file the action within the three-day period. Id. We held, "[e]ven if we were to find that the appellee had not performed within the three day time period, performance within a reasonable time would not impose a statutory bar to consideration by the court." Id.
 {¶ 16} We find that by filing the action for verification on February 7, 2003, approximately three weeks after the protest was filed, the appellee herein performed within a reasonable time. Therefore, we hold that the Shelby County Court of Common Pleas had jurisdiction to invalidate the part-petitions.
 {¶ 17} Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in invalidating certain part-petitions on thebasis of the amount of compensation set forth in the compensationstatement on such petitions.
 {¶ 18} We note that our review of a trial court's interpretation of a statute is conducted under a de novo standard of review since statutory interpretation is a matter of law. State v. Wemer (1996),112 Ohio App.3d 100, 103. Therefore, we review the decision without deference to the trial court's interpretation. Id.
 {¶ 19} The Shelby County trial court invalidated part-petition Nos. 4443, 4444, 4445, 4446, 4447 and 4448 because the circulator's compensation statements were not properly filled out. The invalidated part-petitions claimed compensation in the amounts of "$1.00-$1.25" and "$1.00 to $1.25." The appellant argues that the specificity of the amount of compensation is not a reason to invalidate a part-petition, since the statement was completed in good faith to comply with a law that is vague.
 {¶ 20} R.C. 3519.05 provides:
In consideration of his services in soliciting signatures to thispetition the solicitor has received or expects to receive ____ from ____(Whose address is) ____.
 Before any elector signs the part-petition, the solicitor shallcompletely fill in the above blanks if the solicitor has received or willreceive any consideration and if the solicitor has not received and willnot receive any consideration he shall insert `nothing.'
 {¶ 21} Pursuant to our decision in Brooks I, a circulator's compensation statement is not properly filled out if it does not contain a fixed amount of compensation. Brooks I at ¶ 38-41. We found that the amount of compensation could not be determined from the face of the petition as it omits necessary information to determine whether the circulator was paid per hour, per day or per signature. R.C. 3519.06
states that a part-petition is invalid if it is not "properly filled out." The amounts of compensation listed on the part-petitions in the case sub judice contain the same kind of uncertainty invalidated inBrooks I. Therefore, we find that the trial court did not err in invalidating the subject part-petitions for failure to properly identify the amount of compensation received.
 {¶ 22} Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. I The trial court erred in invalidating certain part-petitions on thebasis of the address of the payor set forth in the compensation statementon such petitions.
 {¶ 23} The part-petitions invalidated by the Shelby County trial court listed "2301 E. Sharon Rd., Cincinnati, OH 45241" as the payor's address on the compensation statement. The trial court found that the payor's home address was actually San Diego, California. The trial court found that the Ohio address was intended to mislead potential signers of the petition and cause them to believe the person paying the circulator was a resident of Ohio. The trial court found the address to be false and therefore invalidated the petitions.
 {¶ 24} The appellant argues that the address of the payor complies with R.C. 3519.05 because the statute does not specify what address should be provided on a compensation statement. The appellant contends that the Ohio address, a Red Roof Inn where the payor stayed for five nights in 2002, was for all intents and purposes the office of the payor and, therefore, the address is sufficient.
 {¶ 25} In Brooks I we held that one purpose of the circulator's compensation statement is to provide information from which the payor can be later contacted and providing the address of a hotel used for five nights did not serve this purpose. Brooks I at ¶ 46. We also found that the disclosure of the payor's address serves to protect the reliability and integrity of the initiative process and the listing of a temporary Ohio address of the payor did not serve this purpose since it was misleading to voters presented with the petition. Id. at ¶ 47. Pursuant to Brooks I, we find the address of the payor to be invalid. Therefore, the trial court did not err in invalidating the part-petitions.
 {¶ 26} Appellant's first assignment of error is overruled.
 {¶ 27} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Walters and Shaw, JJ., concur.
[1] R.C. 3519.16 provides that when a protest is filed, an action to rebut the protest "must be brought within three days after the protest has been filed, and the case shall be heard forthwith by judge of such court * * *."