OPINION *Page 2 
{¶ 1} Defendant-appellant Maxwell White appeals his conviction and sentence entered by the Richland County Court of Common Pleas, on one count of escape, in violation of R.C. 2921.34 (A)(1), following a jury trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Following a 1996 aggravated murder conviction, arising from the shooting death of State Trooper James Grosse in Ashland County, Ohio, Appellant was incarcerated on death row at the Mansfield Correctional Institution in Mansfield, Ohio. As of February, 2005, Appellant had exhausted all of his State appeals, however, his Federal appeal was pending.
 {¶ 3} Over the course of several weeks, Appellant and Richard Cooey, another death row inmate, conspired to escape from the correctional institution. The two inmates collected items for long term survival, including clothing, first aid supplies, and food. In addition to the items the men were able to collect from inside the prison, they created a list of items which they planned to steal once they escaped. Appellant and Cooey included weapons and ammunitions on the list. Appellant and Cooey fabricated a ladder using bed sheets and magazines. They also fashioned a tool for cutting through the chain link fence which covered the top of the recreation cage, the area from which they planned to escape.
 {¶ 4} As the result of a winter snow storm, a pile of snow accumulated inside the recreation cage. Inmates had use dustpans to "shovel" the snow into a large bank at the corner of the recreation area. The snow mound was so high it almost reached the *Page 3 
top of the cage. Despite orders from prison officials, correction officers on duty failed to remove the pile.
 {¶ 5} On the afternoon of February 3, 2005, Appellant and Cooey requested outdoor recreation time. The two were the only inmates from DR-4 who ventured outside. With them, they took prison laundry bags filled with the supplies they had collected for their escape. The previous day, the two men had hidden other items, including the ladder, in the snow bank. Prison guards placed Appellant and Cooey in the recreation cage and left the area. Although the guards were required by prison regulations to check on the inmates, the guards on duty that day did not check on Appellant and Cooey. The two men were unattended for one and one-half hours. During this time, they climbed to the top of the snow bank and cut an opening out of the chain link fence on top of the recreation cage. Thereafter, Appellant and Cooey climbed out of the cage, proceeded around the death row area, then to the perimeter fence at the back of the institution.
 {¶ 6} Using an exercise mat from the recreation area to cover the razor wire, Cooey scaled the first fence. Cooey was also able to get his bag of supplies over the fence. Despite repeated attempts to climb over the fence, Appellant repeatedly caught his bag and blanket in the barbed wire. Cooey tried to assist Appellant by lifting his cohort onto his shoulders.
 {¶ 7} Cooey proceeded to climb the second fence, which set off the ground alarms, alerting prison officials to the escape. Before Appellant and Cooey were able to scale the second perimeter fence, they were confronted by armed guards and were subsequently taken back into custody. *Page 4 
 {¶ 8} At the time of the incident, both Appellant and Cooey remained in prison on death sentences; therefore, the Richland County Prosecutor's Office decided not to prosecute either man on escape charges. Subsequently, in December, 2006, after the Federal Court of Appeals set aside Appellant's death sentence, the Richland County Prosecutor reconsidered its decision as there was a possibility Appellant would be released from prison at some time in the future. Cooey, however, was not charged with escape because he remained under a death sentence.
 {¶ 9} On January 30, 2006, the Richland County Grand Jury indicted Appellant on one count of escape, in violation of R.C. 2921.34(A)(1), a felony of the second degree. The matter proceeded to trial on September 7, 2006. At trial, Ramona Rogers, the Ashland County Prosecutor, testified on behalf of the State. Rogers stated she contacted the Richland County Prosecutor's Office following the Federal Court of Appeals decision in the aggravated murder case, asking whether the prosecutor would be willing to review the evidence with respect to Appellant's escape and consider potential charges arising therefrom because the death penalty case had changed so substantially.
 {¶ 10} After hearing all the evidence and deliberations, the jury found Appellant guilty of escape. The trial court imposed a term of imprisonment of eight years, which is the maximum sentence for a felony of the second degree. The trial court also ordered Appellant to serve five years of post-release control.
 {¶ 11} It is from this conviction and sentence Appellant appeals, raising the following assignments of error: *Page 5 
 {¶ 12} "I. THE TRIAL COURT ERRED BY PUNISHING MR. WHITE FOR EXERCISING HIS RIGHT TO CHALLENGE HIS CONVICTION AND DEATH SENTENCE IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 {¶ 13} "II. THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM PRISON SENTENCE."
 I {¶ 14} In his first assignment of error, Appellant asserts the State prosecuted him for escape in retaliation for exercising his right to challenge his aggravated murder conviction and death sentence; thereby violating his constitutional rights.
 {¶ 15} "The duty of the prosecuting attorney is to exercise hisdiscretion in determining, on a case-by-case basis, whether to prosecute particular individuals for alleged criminal offenses." Pengrov v.White, 146 Ohio App.3d 402, 406, 2001-Ohio-1668 (Emphasis in original). "A prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. Therefore, the decision whether to prosecute is discretionary, and not generally subject to judicial review." State ex rel. Master v.Cleveland (1996), 75 Ohio St.3d 23, 27, 1996 — Ohio — 228 (Citations omitted).
 {¶ 16} Once a prosecutor has, in the exercise of his discretion, determined he will or will not prosecute a particular case, he has no continuing "duty" either to prosecute or to revisit his determination. Of course, the prosecutor may, in the exercise of his discretion, revisit his determination at any time until the statute of limitations expires and reverse or modify his decision. However, he has no duty to do so either during his term *Page 6 
in office in which the potentially criminal conduct occurred, or in any subsequent term in office. This is because "[t]he decision to prosecute * * * is discretionary," and therefore there is no "clear legal duty on the part of the county prosecutor to [prosecute]." Pierce v. CuyahogaCty. Court of Common Pleas (Apr. 16, 1992), Cuyahoga App. No. 62734, unreported. (Affirming the dismissal of a petition for a writ of mandamus compelling a prosecutor to prosecute an alleged crime).
 {¶ 17} In support of his position, Appellant relies upon United States Supreme Court decisions, which hold, "it is `patently unconstitutional' to `penalize a person's reliance on his legal rights'." See,Bordenkircher v. Hayes (1978), 434 U.S. 357, 363; North Carolina v.Pearce (1969), 395 U.S. 711, 718; Chaffin v. Stynchcombe (1973)412 U.S. 17; and United States v. Jackson (1968), 390 U.S. 570. We find Appellant's reliance on these cases to be misguided.
 {¶ 18} In North Carolina v. Pearce (1969), 395 U.S. 711,89 S.Ct. 2072, the United States Supreme Court set aside the sentence of a state prisoner who had successfully appealed his conviction, but upon remand was given a harsher sentence. The High Court stated a defendant's due process rights were violated when, after a successful appeal, a harsher sentence was imposed as a result of vindictiveness. Id.
 {¶ 19} However, the United States Supreme Court subsequently ruled thePearce presumption of vindictiveness does not apply when a sentence imposed after trial is greater than previously imposed after a guilty plea. See, Alabama v. Smith (1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865.
 {¶ 20} Appellant herein was convicted and sentenced on a completely different charge following the Federal Court of Appeals vacation of his death sentence in a *Page 7 
completely different case. When the events of the escape charge originally occurred, the State did not need to prosecute Appellant as such effort would be superfluous. An additional sentence would not change the amount of time Appellant would be incarcerated. However, once the death specification was vacated, there was a possibility Appellant would be released from prison sometime during his life. As such, the State had a legitimate reason to pursue an action on the escape charge. As such, we find no prosecutorial vindictiveness.
 {¶ 21} Appellant's first assignment of error is overruled.
 II {¶ 22} In his second assignment of error, Appellant contends the trial court erred in imposing a maximum prison term.
 {¶ 23} In light of this Court's recent opinion in State v.Paynter, Muskingum App. No. 06-65, 2006-Ohio-5542, we overrule Appellant's second assignment of error.
 {¶ 24} The judgment of the Richland County Court of Common Pleas is affirmed.
 By: Hoffman, P.J. Farmer, J. and Edwards, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1