[Cite as *Stauffer v. Smith*, 2015-Ohio-4240.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| KENDELL LEE STAUFFER, JR., | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-T-0032** |
| RANDY L. SMITH, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CV 00649.

Judgment: Affirmed.

*David L. Engler,* 725 Boardman-Canfield Road, Suite S-3, Youngstown, OH 44512 (For Plaintiff-Appellant).

*Marshall D. Buck,* Comstock, Springer & Wilson, 100 Federal Plaza East, #926, Youngstown, OH 44503 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1}    Plaintiff-appellant, Kendell Lee Stauffer, Jr., appeals from the March 9, 2015 judgment of the Trumbull County Court of Common Pleas, granting defendant-appellee, Randy L. Smith's, Motion to Dismiss. The issues to be determined by this court are whether a county engineer can be removed from office due to alleged misconduct that occurred in a term prior to reelection and whether allegations in the complaint that he hired an individual, deemed a "business associate," with which he

jointly owned property, established misconduct. For the following reasons, we affirm the decision of the trial court.

{¶2} On March 27, 2014, Stauffer, a resident and taxpayer of Trumbull County, filed a Complaint, seeking the removal of Smith, the Trumbull County Engineer, pursuant to R.C. 315.06, for "misconduct in office." Smith had been appointed to office in 2011 and elected to a full term in 2012. In Count One, Stauffer contended that Smith employed a partner and business associate, Donald J. Barzak, as Director of Governmental Affairs/Grants, and asserted that Barzak was a joint owner of real estate with Smith. Stauffer argued that this constituted an unlawful interest in a public contract. In Counts Two through Four, Stauffer argued that Smith failed to disclose his partnership with Barzak on his 2007, 2010, and 2011 Financial Disclosure statements to the Ohio Ethics Commission. Count Five related to a separate incorrect statement in a Financial Disclosure. Count Six alleged mail fraud for mailing the foregoing disclosure statements. Count Seven alleged "improper employee activity" when Smith's company received compensation for work performed on an outside job while Smith was serving as Engineer.

{¶3} Smith filed a Motion Under Civ.R. 12(B)(6) to Dismiss with Prejudice on July 7, 2014. He raised various arguments, including that Barzak was not his "business associate," his financial disclosure statements were proper, he was permitted by law to perform the outside engineering services, and he did not commit any "knowing" violations. Smith filed a Supplemental Memorandum on July 16, 2014, arguing that, if any misconduct occurred during his first term, prior to the election to the 2013 term, it did not provide grounds for removal.

{¶4} Stauffer filed his Response to Defendant's Motion to Dismiss on August 7, 2014. Smith filed a Reply on August 12, 2014.

{¶5} On March 9, 2015, the trial court filed an Order Granting the Motion to Dismiss, as well as an Entry Nunc Pro Tunc. The court dismissed Stauffer's Complaint, finding that Smith could not be removed from office for conduct occurring in a prior term. It also found that the allegations were insufficient to state a claim for removal, since Barzak and Smith were not business associates, there was no evidence of knowing violations, and Smith was permitted to complete outside work within six months of taking office.

{¶6} Stauffer timely appeals and raises the following assignments of error:

{¶7} "[1.] The trial court erred in determining that appellee may not be removed from office for alleged conduct occurring in a prior term.

{¶8} "[2.] The trial court erred in determining that the allegation of appellee Engineer Smith having an unlawful interest in a public contract with his business associate, Donald Barzak, was insufficient as to state a claim.

{¶9} "[3.] The trial court erred in dismissing any of appellant's complaint, stating that the word 'knowingly' was not included.

{¶10} "[4.] The trial court erred in finding appellant failed to state a claim for appellee's taking on new private work after becoming County Engineer."

{¶11} As a general rule, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). "In reviewing a judgment involving a Civ.R. 12(B)(6) motion to

dismiss, an appellate court conducts a de novo review of the complaint to determine whether the dismissal was appropriate." *Masek v. Marroulis*, 11th Dist. Trumbull No. 2007-T-0034, 2007-Ohio-6159, ¶ 24.

{¶12} In construing a complaint, an appellate court must "limit its inquiry to the material allegations contained in the complaint and accept those allegations and all reasonable inferences as true." (Citation omitted.) *Monroe v. Forum Health*, 11th Dist. Trumbull No. 2012-T-0026, 2012-Ohio-6133, ¶ 24. Accepting all factual allegations as true, a complaint should not be dismissed unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." (Citations omitted.) *Goss v. Kmart Corp.*, 11th Dist. Trumbull No. 2006-T-0117, 2007-Ohio-3200, ¶ 20.

{¶13} In the present matter, Stauffer sought removal of Smith from office through an action pursuant to R.C. 315.06, which provides, in pertinent part, the following:

> Any person may bring a civil action in the court of common pleas against the county engineer, alleging such engineer's incapacity, misconduct in office, or neglect of duty. * * * Such cause shall have precedence over other business, and, if upon trial thereof, the court finds an engineer guilty of any of the charges, by the judgment of the court he shall be removed from office.

4

{¶14}  We will consider the first and second assignments of error jointly.

{¶15}  In his first assignment of error, Stauffer contends that the trial court erred by dismissing his action to remove Smith on the grounds that the acts alleged in the Complaint occurred prior to Smith's election to a second term in office.  Stauffer argues that *State ex rel. Stokes v. Probate Court of Cuyahoga Cty.*, 22 Ohio St.2d 120, 258 N.E.2d 594 (1970), was misapplied by the court in determining Stauffer's claims could not lead to the removal of Smith from office in his present term as engineer.

{¶16}  Smith asserts that the Complaint was properly dismissed on the authority of *Stokes*.

{¶17}  Although there is little case law applying R.C. 315.06, the issue of whether an individual who commits misconduct in office prior to being reelected can be subsequently removed for that misconduct has been addressed in cases involving other elected officials.  The Ohio Supreme Court, in *Stokes*, evaluated whether a prosecutor could be removed from office for conduct that occurred in a prior term.  The court held that former R.C. 733.72, which allowed for removal of an officer of a municipal corporation who commits "misfeasance or malfeasance 'in office,'" is limited to "the single term in which the offense occurred."  *Id.* at 124.  "In the absence of clear legislative language making conduct in prior terms a ground for removal from office under this section, the misfeasance or malfeasance alleged as a ground for removal must occur during the term from which removal is sought and be subsequent to the exercise of the power to elect vested in the electors * * *."  *Id.*  This holding has been interpreted to be applicable under other removal statutes as well, as the principles apply to statutes with similar language.  *See Pengov v. White*, 146 Ohio App.3d 402, 406, 766

5

N.E.2d 228 (9th Dist.2001) (*Stokes* prohibited the removal of a prosecutor during a term subsequent to when misconduct occurred, pursuant to R.C. 309.05); 1994 Ohio Atty.Gen.Ops. No 94-065, at 3 (removal of a member of the county Board of Mental Retardation and Developmental Disabilities, pursuant to R.C. 5126.02, could not be based on the commission of acts that occurred in a prior term of office, since the statute did not indicate that the General Assembly had such intent). *See also Cincinnati Bar Assn. v. Heitzler*, 32 Ohio St.2d 214, 228-229, 291 N.E.2d 477 (1972) (an officer can be removed from office for misconduct during a prior term "where a statute specifically provides" for such removal).

{¶18} Like in *Stokes*, removal is permissible in the present matter for "misconduct in office" and the statute does not specify that misconduct occurring during a prior term provides a basis for removal. R.C. 315.06.

{¶19} Here, the majority of the claims raised by Stauffer arise from incidents which undisputedly took place in Smith's prior term, including Counts Two through Six, all of which relate to financial disclosures in years before 2012. According to the election results, Smith was elected to serve a new term, commencing in 2013, in the November 6, 2012 general election, a fact undisputed by Stauffer and of which this court can take judicial notice.[1] *See State ex rel. Morgan v. Arshinkoff*, 15 Ohio App.3d 101, 472 N.E.2d 1134 (9th Dist.1984) (the court took judicial notice of the election of common pleas judges in a given year); *Browne v. Ripley*, 67 Ohio App. 112, 114, 36 N.E.2d 50 (12th Dist.1940) (the court was permitted to take judicial notice of the general

---

1. While Smith contends in his brief that he was re-elected in March 2012 (although he was appointed, not elected, to his first term in 2011, according to the Complaint), these results are from the primary election.

election and the individuals elected). These counts were properly dismissed since they related to conduct that was completed prior to the 2012 election.

{¶20} Similarly, although Stauffer maintains that Count Seven, relating to Smith's company receiving money for private work performed while he was in office, should not have been dismissed, that also occurred during the previous term. The Complaint alleged that the payment was received on January 9, 2012, for work performed previously. This was well before Smith's election to the term he is presently serving. Thus, this claim was also properly dismissed.

{¶21} Although Stauffer argues that dismissal on the foregoing grounds required the trial court to refer to facts outside of the record, this is not the case. Aside from taking judicial notice of Smith's 2012 election, all dates necessary to determine when the events occurred are contained in Stauffer's Complaint.

{¶22} The remaining issue, emphasized by Stauffer in his brief, is whether the claim under Count One, involving the hiring of Barzak, alleged to constitute an unlawful interest in a public contract, was properly dismissed for the reasons discussed above. Stauffer contends that *Stokes* cannot apply here since nothing in the Complaint states that Barzak is no longer employed by Smith/the Engineer's Office and, as such, some improper conduct occurred in Smith's second term in office (Barzak's continued employment) and provides a continuing ground for removal. Pursuant to *Stokes*, removal is prohibited for *noncontinuing* acts occurring during a prior term. 22 Ohio St.2d 120, 258 N.E.2d 594, at paragraph two of the syllabus. We need not resolve whether this constitutes continuing conduct since Count One was properly dismissed by the lower court on other grounds.

7

**{¶23}** In his second assignment of error, Stauffer argues that the court erred in dismissing Count One, relating to the unlawful interest in a contract, when it determined that the Complaint was insufficient to establish that Smith and Barzak were business associates.

**{¶24}** The Complaint alleges that in August 2011, Smith employed Barzak as Director of Governmental Affairs, but that they are business associates and partners, since they were joint owners in real estate, violating R.C. 2921.42.

**{¶25}** Pursuant to R.C. 2921.42(A)(1), a public official shall not "[a]uthorize, or employ the authority or influence of the public official's office to secure authorization of any public contract in which the public official, * * * or any of the public official's business associates has an interest." The statute itself does not define "business associates." The Ohio Ethics Commission Advisory Opinion 2009-06, stated that a business association under the statute "includes any individuals, companies, or organizations with which the official is acting together to pursue a common business purpose. * * * [A] public official's business associates include, but are not limited to, the official's: (1) partners in a partnership; (2) co-owners of a business; (3) outside employer; and (4) comembers of an LLC." *Id.* at 3.

**{¶26}** R.C. 102.031(A)(1), which relates to conflicts of interest in the general assembly, defines a business associate as a person with whom an individual is "conducting or undertaking a financial transaction." Business has also been defined as "[a] commercial enterprise carried on for profit." Black's Law Dictionary (8th Ed.1999) 211. Black's Law further defines business associations, referred to as "business enterprises," as including corporations, companies, and partnerships. *Id.*

8

**{¶27}** Under these definitions, it cannot be held that the allegations in the Complaint are sufficient to establish a business association between Barzak and Smith. The Complaint alleges only that the two jointly owned real estate and that they have an assignment of rents agreement with a lending institution related to that real estate. Although the Complaint states that they are "transacting real estate business," it does not allege that they actually own a business together, that they have participated in any specific transactions or financial deals, work together jointly to make profits, or conduct any activity other than an ownership interest in real estate.[2] While Stauffer alleges that working together for a "business purpose" is sufficient to establish a business association, as described above, no facts were presented to support a conclusion that a business purpose existed.

**{¶28}** Stauffer's Complaint also contains bare allegations that the two men are "partners" without any additional facts to support that statement. Although, as established above, a partnership would establish a business association, joint property ownership "does not by itself establish a partnership, even if the co-owners share profits made by the use of the property." R.C. 1776.22(C)(1).

**{¶29}** While Stauffer argues that the Complaint's statement that there was a business association was sufficient, the facts alleged in the Complaint regarding that association, when accepted as true, are contrary to that contention. Since the allegations in the Complaint are contrary to establishing a business association as a matter of law, Count One was properly dismissed on this ground.

**{¶30}** The first and second assignments of error are without merit.

---

2. For tax purposes, rents from real estate are considered nonbusiness income. R.C. 5747.01(C).

9

{¶31} In Stauffer's third assignment of error, he raises arguments related to whether Smith's violations were committed "knowingly." In his fourth assignment of error, he argues that the trial court erred in dismissing Count Seven on the grounds that he was concluding his engineering practice.

{¶32} Given the foregoing analysis, these assignments of error are moot. Stauffer's claims were correctly dismissed on the grounds discussed above. As such, any other reasons the trial court gave justifying dismissal need not be considered.

{¶33} The third and fourth assignments of error are without merit.

{¶34} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, granting Smith's Motion to Dismiss, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.