DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Amanda Bond, appeals from a judgment of the Summit County Court of Common Pleas that granted appellee, Christopher Ocheltree, relief from a prior default judgment against him. We affirm.
 {¶ 2} This case arises from a motor vehicle collision. On November 6, 2002, Bond filed a complaint against Ocheltree, alleging that the collision was caused by Ocheltree's negligence and that she had incurred medical bills and lost wages in excess of $25,000 as a result. Certified mail service at Ocheltree's last known address was returned unclaimed so the complaint was served by regular mail.
 {¶ 3} On February 27, 2003, Bond moved for default judgment against Ocheltree because he had failed to answer the complaint. The following day, the trial court entered a default judgment against Ocheltree and awarded Bond $15,000 in damages.
 {¶ 4} Ocheltree moved for relief from the default judgment, alleging that, because he had moved to a new residence, he had not been timely served with the complaint. Following an oral hearing on the motion, the trial court granted Ocheltree relief from judgment. Bond appeals and raises one assignment of error.
 Assignment of Error
"The trial court abused its discretion by granting defendant's 60(b) motion to vacate judgment where the defendant failed to establish a meritorious defense."
 {¶ 5} Bond contends that the trial court erred in granting Ocheltree's motion for relief from judgment. In order to prevail on a motion brought pursuant to Civ.R. 60(B), the moving party must demonstrate that:
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 6} The decision whether to grant relief from judgment is within the sound discretion of the trial court. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion amounts to more than an error of judgment, but instead equates to "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} On March 18, 2003, Ocheltree moved for relief from judgment pursuant to Civ.R. 60(B)(1), contending that his failure to file an answer had been the result of "inadvertence, mistake, excusable neglect and/or other reasons justifying relief[.]" In his memorandum supporting his motion, Ocheltree asserted that he had no liability to Bond and that she had not sustained any injuries in the accident because she told him after the accident that she was not injured. Ocheltree further asserted that he was entitled to relief under Civ.R. 60(B) because his failure to file an answer was the result of mistake, inadvertence, or excusable neglect because, after the traffic collision, he had moved to a new residence and was not served with Bond's complaint until after a default hearing was already scheduled. Lastly, Ocheltree asserted that he had moved for relief from judgment within a reasonable time because it had been only three weeks since the trial court entered the default judgment against him.
 {¶ 8} In opposition to Ocheltree's motion, Bond asserted that Ocheltree did not have a meritorious defense, that he was not entitled to relief under Civ.R. 60(B), and that his motion was not made within a reasonable time. On appeal, however, Bond disputes only whether Ocheltree demonstrated that he had a meritorious defense to her negligence claim. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 9} Bond focuses her entire meritorious defense argument on Ocheltree's potential defense that she had not incurred damages. It is true that Ocheltree alleged in his motion that Bond told him after the accident that she was not injured, but he offered no testimony to that effect at the hearing on his 60(B) motion. Ocheltree also alleged in his motion, however, that he had no liability to Bond for the collision. At the hearing on the motion, Ocheltree testified that he was not at fault and disputed liability for the motor vehicle collision with Bond.
 {¶ 10} This court cannot say the trial court acted with "perversity of will, passion, prejudice, partiality, or moral delinquency" in determining that Ocheltree had alleged a meritorious defense. See Pons, 66 Ohio St.3d at 621. Consequently, the trial court did not abuse its discretion in granting Ocheltree relief from the default judgment. The assignment of error is overruled.
Judgment affirmed.
Carr, J. and Batchelder, J. concur.