DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Edward Gilbert, appeals the Akron Municipal Court's denials of various motions for relief from the judgment entry of dismissal of the case. This Court affirms.
 I. {¶ 2} On December 23, 2003, appellee, Servpro of Hancock County, filed a complaint against appellant, alleging breach of contract; action on an account; and unjust enrichment, all arising out of appellant's alleged failure to pay for cleaning services performed by appellee for appellant's benefit. Appellant counterclaimed, alleging that appellee fraudulently misrepresented the services performed and that appellant's lawsuit was frivolous.
 {¶ 3} By a letter dated April 26, 2004, appellant informed the trial court that the parties had settled the matter as of that date and that a formal judgment entry would be sent to the court in approximately ten days. On May 20, 2004, a judgment entry of dismissal was filed. The dismissal entry was signed by the trial court judge, as well as by counsel for both appellant and appellee.
 {¶ 4} On June 29, 2004, appellee filed both a motion to enforce the parties' settlement and a motion to set aside the judgment entry of dismissal pursuant to Civ.R. 60(B). Appellee argued that the dismissal entry had been mistakenly submitted in error, because the parties had not "reached the details of the settlement." Specifically, appellee asserted that appellant was requiring appellee's president to sign a factually inaccurate letter and that appellee's president was refusing to do so, so that the conditions precedent to the settlement had not occurred. Appellee further moved the trial court to enforce the terms of the parties' oral settlement, order appellant to sign an appropriate settlement agreement, and enter a judgment entry of dismissal as to all claims.
 {¶ 5} On July 27, 2004, appellant filed a response to appellee's motion to set aside the judgment entry of dismissal and a "request to reinstate case." Appellant appears to have joined in appellee's motion to set aside the dismissal entry pursuant to Civ.R. 60(B), arguing that the judgment entry of dismissal was mistakenly filed, because the parties had not yet finalized the terms of their settlement. Appellant failed to allege that he had a meritorious defense or claim to present if relief was granted. The trial court held a hearing on October 14, 2004, on the pending motions.
 {¶ 6} On November 15, 2004, the trial court issued a journal entry in which it denied the motion to vacate the dismissal order.[1] The trial court found that the parties had settled as to the subject of the action and that any further proceedings were moot and unnecessary.
 {¶ 7} On November 2, 2004, after the hearing on the initial motions to set aside the dismissal entry but before the court had issued its written ruling, appellant filed a 60(B) motion, moving the court for an order vacating the May 20, 2004 judgment entry of dismissal. Appellant alleged grounds under Civ.R. 60(B)(1) and (3) and requested that the court reinstate the case for full trial. Appellant failed to allege in his motion, however, that he had a meritorious defense to the underlying claims in the complaint.
 {¶ 8} By a letter to the court dated November 30, 2004, appellant advised the court that he had filed a 60(B) motion, which was still pending. Appellant requested that the trial court rule on his 60(B) motion, so he could file an appeal. On December 6, 2004, the trial court issued a journal entry denying appellant's 60(B) motion and finding that it had already denied a prior motion to vacate on the record at the October 14, 2004 hearing. Appellant timely appealed the trial court's denials of the various motions to vacate the judgment entry of dismissal, setting forth three assignments of error for review. This Court rearranges the assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR II
"The lower court abused its discretion and erred to the prejudice of appellant gilbert when it denied appellant gilbert's motion to vacate the dismissal order of the court."
 {¶ 9} Appellant distinguishes between his 60(B) motion, filed November 2, 2004, and his request to reinstate the case, filed July 27, 2004. Appellant argues that the trial court erred by denying his initial motion to vacate the dismissal entry. This Court disagrees.
 {¶ 10} This Court begins with an analysis of the substantive effect of appellant's request to reinstate the case, filed July 27, 2004. "Succinctly stated, the Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules." Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, 380. Specifically, the Rules of Civil Procedure allow a party to seek relief from a final judgment only by means of a Civ.R. 50(B) motion notwithstanding the verdict, a Civ.R. 59 motion for a new trial, or a Civ.R. 60(B) motion for relief from judgment. Id. There was no trial or verdict entered in this matter, so that Civ.R. 50(B) and 59 are inapplicable to appellant's challenge to the final judgment. Therefore, although unconventionally captioned, this Court construes appellant's July 27, 2004 request to reinstate the case to the trial court's docket as a motion for relief from judgment pursuant to Civ.R. 60(B). See, Anthony v. Wolfram (Sept. 29, 1999), 9th Dist. No. 98CA007129.
 {¶ 11} As a further preliminary matter, this Court finds that we have jurisdiction to address the appeal, because the judgment entry of dismissal constitutes a final, appealable order in this instance. Generally, where, as here, the dismissal of all causes of action in a matter appears to be voluntary in nature, the action is not a final judgment, order or proceeding and therefore not subject to 60(B) relief. Mentor Lagoons, Inc. v. Posey
(Dec. 8, 1989), 11th Dist. No. 89-L1-4-043. In this case, however, the judgment entry dismissed all claims and counterclaims with prejudice, thereby acting as an adjudication on the merits and constituting a final, appealable order. Accordingly, this Court has jurisdiction to review the matter on appeal.
 {¶ 12} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that:
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 13} Civ.R. 60(B) provides, in relevant part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment."
 {¶ 14} The decision whether or not to grant relief from judgment lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Bond v.Ocheltree, 9th Dist. No. 21620, 2004-Ohio-831, at ¶ 6. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 15} The trial court denied appellant's motion to vacate the journal entry of dismissal, finding that the matter was settled as to the subject of the action and that further proceedings are moot and unnecessary. This Court must affirm the trial court's judgment, if our review finds that there are any valid grounds to support the trial court's judgment. Pengov v.White (2001), 146 Ohio App.3d 402, 407, citing Joyce v. Gen.Motors Corp. (1990), 49 Ohio St.3d 93, 96.
 {¶ 16} In this case, appellant's July 27, 2004 motion for relief from judgment was timely, having been filed less than three months after the filing of the judgment entry of dismissal. In addition, appellant alleged that he was entitled to relief from judgment on the basis of appellee's counsel's premature filing of the judgment entry of dismissal through counsel's mistake, inadvertence or misconduct, although appellant did not specifically cite to Civ.R. 60(B)(1) or (3).
 {¶ 17} Appellant failed to allege in his motion, however, any meritorious defense or claim to present if relief were granted. A review of appellee's June 29, 2004 motion to set aside the judgment entry of dismissal indicates that appellee also failed to assert a meritorious defense or claim in its motion. Therefore, both appellant's and appellee's Civ.R. 60(B) motions were deficient on their faces, and the trial court erred by holding a hearing on the motions. Notwithstanding the trial court's error in hearing the matter, the court reached the correct decision. Where appellant failed to allege the existence of a meritorious defense, the trial court did not err by denying his motion to vacate the dismissal entry. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"The lower court abused its discretion and erred to the prejudice of appellant gilbert when it denied appellant Gilbert's Civil Rule 60(B) motion."
 ASSIGNMENT OF ERROR III
"The lower court abused its discretion and erred to the prejudice of appellant gilbert when it denied appellant Gilbert's Civil Rule 60(B) motion without having a hearing to determine the matter."
 {¶ 18} Appellant argues that the trial court abused its discretion when it denied appellant's November 2, 2004 Civ.R. 60(B) motion. This Court disagrees.
 {¶ 19} Appellant concedes that his July 27, 2004 motion to vacate the dismissal order was analogous to a Civ.R. 60(B) motion, and that this Court must analyze it as such. Appellant's November 2, 2004 Civ.R. 60(B) motion appears to have been an attempt to compel the trial court to reconsider its prior journal entry, wherein it denied appellant's original motion to vacate the dismissal entry. This Court has recognized the Ohio Supreme Court's holding that "a motion for reconsideration of a final judgment is a nullity." Easley v. Alltronics, Inc. (Oct. 1, 1997), 9th Dist. No. 18200, citing Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, 379. Accordingly, the trial court did not abuse its discretion by noting in its December 6, 2004 journal that it had already denied appellant's motion to vacate. Appellant's first and third assignments of error are overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The order of the Akron Municipal Court, which denied appellant's motion to vacate the journal entry of dismissal, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J., Concur.
[1] The trial court identified the motion as "defendant's" motion to vacate the dismissal order. As this Court has noted, plaintiff-appellee filed a motion to set aside the dismissal order pursuant to Civ.R. 60(B). Defendant-appellant had merely filed a request for reinstatement of the case by the time of the hearing, which request appeared to join in appellee's motion to set aside. It appears that the trial court recognized appellant's request for reinstatement of the case substantively as a motion to vacate pursuant to Civ.R. 60(B).