{¶ 21} I respectfully dissent.
 {¶ 22} The trial court held a hearing on appellant's request to reinstate the case, which this Court correctly construes as a motion for relief from judgment pursuant to Civ.R. 60(B).
 {¶ 23} In this case, appellant's July 27, 2004 motion for relief from judgment was timely, having been filed less than three months after the filing of the judgment entry of dismissal.
 {¶ 24} Appellant further alleged in his motion and during argument at the October 14, 2004 hearing that he was entitled to relief from the judgment on the basis of appellee's counsel's premature filing of the judgment entry of dismissal through counsel's mistake, inadvertence or misconduct. Appellee's counsel conceded on several occasions that he erroneously filed the dismissal entry too soon. In fact, appellee had moved the trial court to set aside the judgment entry of dismissal, because the entry had been filed before the parties had finalized the settlement. Both parties agreed that the case was dismissed in error. Therefore, appellant demonstrated that he was entitled to relief from the dismissal entry under one of the grounds enumerated in Civ.R. 60(B).
 {¶ 25} Finally, appellant demonstrated at hearing that he has a meritorious defense to appellee's claims, as well as his own claims to present against appellee, if relief is granted. Appellee filed a complaint alleging that appellant failed to pay for services performed by appellee for appellant's benefit. Appellant filed a counterclaim alleging fraud and frivolous lawsuit. He argued at the October 14, 2004 hearing that appellee fraudulently charged him for services that appellee had not performed. Appellant further argued that appellee had admitted that its billing statement to appellant was inaccurate. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense."Bond v. Ocheltree, 9th Dist. No. 21620, 2004-Ohio-831, at ¶ 8, quoting Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. In this case, appellant clearly alleged both a meritorious defense to appellee's claims and his own meritorious claims against appellee.
 {¶ 26} Appellant clearly demonstrated timeliness, grounds under Civ.R. 60(B)(1) and/or (3), and a meritorious defense, so that he was entitled to relief from the judgment entry of dismissal pursuant to Civ.R. 60(B). The trial court abused its discretion by denying appellant's request for reinstatement of the case, which this Court construes as a motion for relief from judgment pursuant to Civ.R. 60(B). Accordingly, I would sustain appellant's second assignment of error and reverse and remand for further proceedings consistent with my dissent.
 {¶ 27} Because I would sustain appellant's second assignment of error, I would not reach the merits of the first and third assignments of error, as they would be rendered moot. See App.R. 12(A)(1)(c).